## WILLIAM T. EAST v. ANN A. KING.

1. HUSBAND AND WIFE. *Parent and child. Liability of husband and father. Maintenance of wife and child.*

A husband and father is bound to support his wife and infant children, and if he leaves them without means of subsistence, he is liable to the wife's mother who furnishes them.

2. SAME.   *Wife driven away.*

  If a husband drives his wife away from his home, or so conducts
    himself towards her as to entitle her to a' divorce from bed and
    board, he will be liable for her' maintenance and the main-
    tenance of his infant children in her custody.

FROM the circuit court of Lincoln county.

HON. ROBERT POWELL, Judge.

Mrs. King, the appellee, was the plaintiff in the court be-
low; East, the appellant, was defendant there.   From a judg-
ment in favor of the plaintiff the defendant appealed to the
supreme court.   The opinion states the facts.

*Cassedy & Cassedy,* for appellant.

The appellant never made a contract, express or implied, with
the appellee for board for his wife and children.   The claim
is based upon the idea that a father is liable under all circum-
stances for necessaries furnished his children, there being an
implied promise on his part to pay therefor, supposedly aris-
ing from moral duty.   But the law of nature designates the fa-
ther's house as the place where the duty of support shall be per-
formed.   *Chilcott* v. *Tremble,* 13 Barb., 502.

It is presumed, in the absence of proof, and there was no
proof in this case to the contrary, that the service rendered by
Mrs. King to her daughter and grandchildren was voluntary
and without expectation of reward.   *Eitel* v. *Walter,* 2 Brad.,
287; *Chilcott* v. *Tremble,* 13 Barb., 502; *Young* v. *Heater,* 63
Iowa, 668.

The agency of the wife to bind her husband is sometimes
presumed from cohabitation and from the fact that the neces-
saries were consumed in his family.   There must be some cir-
cumstance calculated to lead a reasonable person to believe
that her acts, to bind him, are done with his consent and pre-
sumably by his direction.   *Ogden* v. *Prentice,* 33 Barbour,
164.   There was no cohabitation in this case, but, on the con-

trary, a separation, known to the appellee, and hence she supported her own daughter and grandchildren, it is to be presumed, without hope of reward, but because of her moral duty to provide for her offspring.

*A. C. McNair,* for the appellee.

It is a principle of law growing out of the marital relation, as a consequence of the obligation assumed by the husband upon marriage, that he shall supply the wife with all necessaries convenient and suitable to their station in life. If he neglects to provide the necessaries, the wife may make the purchases, and, though he may dissent, he shall, nevertheless, be liable therefor, and he impliedly makes her his agent to procure them for herself. *Etherton* v. *Parrott,* 1 Salk., 118; Story on Contracts, sec. 98; *Dunbar* v. *Meyer,* 43 Miss., 679; 9 Am. & Eng. Enc. L., 830.

The obligation of the father to maintain and support his children is, and always has been, recognized in some way and in some degree in all civilized countries. The infant cannot support himself; others, therefore, must supply him with the means of subsistence, and the question is whether the state or the father shall do this. Justice, equally with the best affections of our nature and the dictates of the human heart, answer that it is the duty of a father to administer to the wants and needs of his helpless offspring. 1 Parsons on Contracts, 298; *Stanton* v. *Wilson,* 3 Day, 37; *Van Valkinburg* v. *Watson,* 13 Johns., 480; *Pedgin* v. *Cram,* 8 N. H., 350; *Reynolds* v. *Sweeter,* 15 Gray, 78; *Fowlkes* v. *Baker,* 29 Tex., 135; *Swam* v. *Tyler,* 26 Vt., 9; *Deane* v. *Annis,* 14 Me., 26; *Clark* v. *Clark,* 46 Conn., 586; *Thompson* v. *Dorsey,* 4 Md. Chy., 144; *McMillan* v. *Lee,* 78 Ill., 443; *McGoon* v. *Irving,* 44 Am. Dec., 409; *Porter* v. *Powell,* 18 Am. St. Rep., 353; *Miller* v. *Watson,* 2 Am. St. Rep., 48; *Gilley* v. *Gilley,* 1 Am. St. Rep., 307; 5 Wait's Actions & Defenses, 50.

TERRAL, J., delivered the opinion of the court.

Mrs. King sued East for $195 for the board and lodging of his wife and three small children for thirteen months, and had judgment for said sum.   The evidence showed that East directed his wife to leave his home, which she did, and found refuge with Mrs. King, her mother.   East filed his bill for a divorce, but failed to obtain a decree; the children, however, were awarded to the custody of Mrs. East.   There was evidence on the trial that Mrs. King had furnished board and lodging to Mrs. East and her three children for the time specified in the account, and that the charge made was reasonable. "A husband is bound to support his wife, and if he leaves her without the means of subsistence she becomes 'an agent of necessity to supply her wants upon his credit.'   This right arises where the husband has driven the wife away, or where she has left him in consequence of ill treatment and reasonable and well grounded apprehension of further violence, or because her husband has rendered his home an unfit place for her to live, as by introducing women of profligate habits, or in consequence of the commission by him of such acts as would entitle her to a divorce from bed and board." Tiffany's Personal & Domestic Relations; *Hamilton* v. *Smylh,* 11 E. C. L. R., 64; 3 Bing., 127; *Bozeley* v. *Forder,* L. R., Q. B., vol. 3, p. 559; 3 Kent, \*146, note x[1].

*The judgment of the circuit court must be affirmed.*