## J. A. Burch, Jr., v. The State.

### No. 4083. Decided May 12, 1909.

**Wife Abandonment—Constitutional Law—Minor Children—Suspension of Law.**

The Act of the Thirtieth Legislature p. 133, with reference to the abandonment of the wife and minor children by the husband, and which gives the trial judge the power to suspend the operation of the law, etc., contravenes article 1 section 28 of the Constitution of Texas and is unconstitutional. Following Ex Parte Smythe, 56 Texas Crim. Rep., 375, Ramsey, Judge, dissenting.

Appeal from the County Court of Limestone. Tried below before the Hon. Jas. Kimbell.

Appeal from a conviction of wife abandonment, etc.; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted under an Act of the Thirtieth Legislature, found on page 133, section 1 of which is as follows:

·"That every person who shall, without good cause, abandon his wife and neglect and refuse to maintain and provide for her, or any person who shall abandon his or her minor child or children, under the age of twelve years, in destitute or necessitous circumstances and wilfully neglect or refuse to maintain or provide for such child or children, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished by a fine of not less than one hundred dollars nor more than one thousand dollars, or by imprisonment in the county jail, not less than one year nor more than two years, or by both such fine and imprisonment; and should a fine be imposed it shall be paid into court for the benefit of the wife, or to the guardian or custodian of the minor child or children; provided, that before the trial (with the consent of the defendant), or after conviction, instead of imposing the punishment hereinbefore provided, or in addition thereto the court in its discretion, having regarded the circumstances and financial ability of the defendant, shall have the power to pass an order which shall be subject to change by it from time to time as the circumstances may require, directing the defendant to pay a certain sum weekly to the wife, guardian or custodian of the minor child or children, and to release the defendant from custody, on probation, during the time of the imprisonment upon his entering into a recognizance, with two good and sufficient sureties in double the amount of the fine imposed, payable to the county judge. The conditions of the recognizance shall be such that if the defendant shall make his personal appearance in court whenever ordered to do so by the court during the suspension of imprisonment or probation, and shall further comply with the terms of the order, then the recognizance shall be void, otherwise in full force and effect. If the court be satisfied by information and due proof, under oath, that at any time during the suspension of imprisonment or probation that the defendant has violated the terms of such order, the court may forthwith proceed with the trial of the defendant under the original indictment, or sentence him under the original conviction, as the case may be. In case of forfeiture of recognizance and enforcement thereof by execution, the sum recovered shall be paid to the wife, guardian or custodian of the minor child or children."

This law is attacked on several grounds as being unconstitutional. This contention has been sustained by a decision this day rendered ·in the case of Ex parte Frank A. Smythe. The law presents sev-

eral reasons why it should be held unconstitutional. A casual perusal of the terms of the statute under consideration manifest it authorizes the judge of the court to suspend the operation of the law before trial by taking a recognizance from the recalcitrant husband, requiring him to pay a sum of money weekly, which amount is left optional with the judge, at least not stipulated in the law. The effect of this provision is to suspend the operation of the law in this: There will be no trial of appellant under the pending prosecution unless the judge should order a forfeiture of the recognizance. It is evident then that this authorizes the judge to suspend the operation of this law under the circumstances stated. This may be a permanent suspension of the law and the defendant never prosecuted for the criminal phase of it. It is further evident, in the second place, that after the conviction recognizance may be required by the judge by which appellant is to pay a certain unnamed sum of money weekly to his wife. Upon refusal or failure to do this as determined by the judge, his recognizance is forfeited and the original punishment executed. As stated in the case of Ex parte Frank A. Smythe, a suspension of the punishment of the law suspends the operation of the law, for there is no way by which it can be enforced. From either view point, it occurs to us that the power to suspend the operation of this law is placed within the power of the judge. This would be in direct conflict with article 1, section 28, of the State Constitution, known as the Bill of Rights.

For the reasons suggested and in accordance with the additional views in decision this day rendered in Ex parte Frank A. Smythe, the judgment is set aside and the prosecution is dismissed.

*Reversed and dismissed.*

RAMSEY, JUDGE (dissenting).—Unless the judgment in this case can be reformed, I think the case should be reversed and the cause remanded. I do not agree, however, to the conclusion that the law is unconstitutional insofar as it defines the offense and fixes the penalty. I think, as to the mere matter of collection of a fine, if this should fail, that it ought not to carry the law down with it. I have written my views at some length in the case of Ex parte Frank A. Smythe, this day decided, to which I respectfully refer the interested reader.