## STATE v. SANSOME.

(In Banc. Nov. 5, 1923.)

[97 So. 753.  No. 23625.]

1. INDICTMENT AND INFORMATION. *Law making desertion of wife or children a felony held void as not requiring prosecution by indictment.*

   Chapter 212, Laws 1920, is void as being in conflict with section 27 of the state Constitution 1890, requiring indictment in prosecution of felonies, because the act authorizes prosecution for felony merely upon complaint under oath by any person.

2. CRIMINAL LAW. *Maximum penalty that may be imposed controlling as to whether offense misdemeanor or felony; power to imprison in penitentiary determines offense a felony.*

   In testing an offense as to whether it is a felony or misdemeanor, the maximum power given to imprison in the penitentiary is controlling, and determines it to be a felony.

3. STATUTES. *Section of law defining offense of wife desertion and prescribing punishment cannot be separated from other infirm sections.*

   Section 1 of the act cannot be separated from the other infirm sections, and upheld as valid, because the whole chapter constitutes one single scheme, and section 1 would not have been enacted without the other sections.

APPEAL from circuit court of Warren count.

HON. E. L. BRIEN, Judge.

Leon Sansome was charged with desertion or failure to support his wife and children in destitute or necessitous circumstances, and from an order sustaining a demurrer to the indictment, the state appeals. Affirmed.

*S. C. Broom,* Assistant Attorney-General, for the state.

The first ground of demurrer is the simple assertion that the indictment charges no offense known to the law. That of course depends upon whether or not the law is upheld. If the entire chapter is declared unconstitutional then I presume the assertion is correct.

We all agree that under some circumstances it may become the duty of the courts to declare that what the legislature has assumed to enact is void either from a want of constitutional power to enact it, or because the constitutional form or conditions have not been observed, but is also understood that the power to declare a legislative enactment void is one which the judge, conscious of the fallibility of human judgment, will shrink from exercising in any case where he may conscientiously, and with due regard to duty and official oath, decline the responsibility. See C's Con. Lim. (7 Ed.), page 227.

It is likewise well settled that a statute may be declared unconstitutional in part without rendering the whole enactment void: "Where therefore a part of a statute is unconstitutional, that fact does not authorize the court to declare the remainder void also, unless all the provisions are connected in subject-matter," etc. 7 C. Con. Lim., pages 246 and 247, and authorities cited thereunder.

It is also well settled that a reasonable doubt must be solved in favor of the legislative action. See page 253, 7 C. Con. Lim. And we must bear in mind the consequences necessarily attendant upon a statute being declared unconstitutional. 7 C's Con. Lim. pages 259 and 260. With these fundamental rules in mind to guide us, we will proceed to a construction of the statute and of the various sections of the constitution involved.

The third ground of the demurrer charges that the said act is in violation of section 27 of the Constitution of the state of Mississippi. Section 27 of the Constitution of

Mississippi provides against procedure by information, etc. And, whereas, section 2 of this Act, being chapter 212 of the Laws of 1920, provides that proceedings may be instituted upon complaint under oath or affirmation by the wife or child or other person, etc. Therefore it is apparent that this objection to the law is based on the theory that it is an attempt to provide for a different method of criminal procedure than by indictment or affidavit, as required by general statute, and by the constitution.

An affidavit is but a complaint under oath. It will be observed that it does not take away the right of the grand jury to indict, and I think counsel will agree that if this section was not in the act we would be authorized to proceed under the general laws governing criminal procedure, namely, affidavit and indictment.

The section does not limit and prescribe to the exclusion of all others an absolute method of procedure. The method prescribed is constitutional and necessary, otherwise in some instances the defendant would flee the country and when the grand jury convened to indict him, he would be beyond the arm of the law, and an indictment would be in vain.

This appellee cannot complain, and cannot invoke or plead the constitution in this particular, because he has not been proceeded against by complaint under oath, but on the contrary he has been indicted for a criminal offense.

He has not been injured by that part of the act alleged to be unconstitutional, nor would he be benefited by having it declared unconstitutional, because if it were stricken from the book the context of the whole law would not be disturbed. "It is a firmly established principle of law that the constitutionality of the statute could not be attacked by one whose rights are not affected by the operation of the statute." 12 Corpus Juris, 760, and authorities cited thereunder.

"One claiming that a state statute violated the Fourteenth Amendment is limited solely to the inquiry whether in the case which he himself presents the statute has op-

erated to infringe on his constitutional rights, and the court will not consider whether in a different case the statute might so operate." *Del Castello* v. *McConnico,* 168 U. S. 674.

In the present case no temporary order *pendente lite* has been entered against the appellee, and until such action is taken to the injury of the appellee he cannot raise the constitutional question of trial without a jury.

It has been said that law is the perfection of reason. If that be true, then why condemn a statute as being unconstitutional because it attempts to be reasonable and just in the enforcement of a moral and legal obligation?

The tenth ground of demurrer charges that the title to the act is insufficient because it fails to set out that the act itself repeals sub-section (k), section 5055 of the Code of 1906; and because the act attempts to amend section 1916 of the Code of 1906 without same being mentioned and set out in the title thereof, all in violation of section 61 of the Constitution.

It is held in the case of *Hunt* v. *Wright,* 70 Miss. 298, 11 So. 608, that the section has no application to an act' adopting and putting in force a code of laws, and that is exactly what is done in this act.

In conclusion we desire to submit that this is an important bit of progressive legislation enacted as a result of a need for the correction of a great evil that is everywhere existing, and in order to cope with the situation, uniform laws are necessary throughout the states. We submit that as a whole the law is not unconstitutional as enacted, and we submit further, that its constitutionality has not been properly raised, and cannot be invoked by the defendant herein for the reasons assigned in this brief, based upon the authorities herein cited.

*Henry, Canizaro & Henry,* for appellee.

The first ground says that the indictment charges no offense known to the law, by that we mean constitutional

law, or common law. This ground attacks the entire constitutionality of the statute.

It will be noted at the outset that the demurrer attacks each and every section of the Acts of 1920. And when we say that it is in derogation of the common law we mean that the several provisions in the act and indeed the entire scheme intended by the legislature is in derogation of the common law, both as to manner of procedure authorized therein, as well as the terms of the act, and the mode of executing or enforcing the law. In construing a criminal or penal statute, which is in derogation of the common law, it is not admissible to give to the words a meaning they do not contain in order to accomplish an object (it may be supposed that), the lawmaker had in view. *West* v. *State,* 70 Miss. 597. Statutes in derogation of the common law will be strictly construed. *Shattuck* v. *Miller,* 50 Miss. 386; *McInnis* v. *State,* 52 So. 634.

The function of the supreme court is to pronounce the law on penal statutes and not enlarge their scope to meet what we may think to be the gravity of the particular offense. *Hatton* v. *State,* 92 Miss. 651.

The first section of the Act of 1920 attempts to define the crime which the law intended to condemn, but it is so connected with the other sections 2, 3, 4, 5 and 6 that it is manifest but one scheme was intended by the legislature. The legislature would not have enacted the first section without the remaining sections. Moreover, these sections, 2, 3, 4, 5, 6, 7, were intended to cover the course of procedure in all the cases coming within the purview of the act.

Whether or not a particular statute is constitutional is a matter of law and must be tested not by what has been done under it, but what the law authorizes to be done under its provisions. 12 C. J., page 786, section 219, and authorities therein cited.

To present the proposition more concisely, if we understand the contention of the state correctly, it is claimed

that the defendant, appellee here, was not injured by being indicted by the grand jury under the authority of an unconstitutional statute; that he is not hurt by being arrested and placed in jail and held until he was able to make bond or have the statute declared unconstitutional, and his release from further prosecution.

The case of *United States* v. *Moreland,* 66 L. Ed. 700, 258 U. S. 433, 24 A. L. R. 993, is one of the most important authorities to be cited in favor of the appellee. That case was the prosecution of the defendant, C. W. Moreland, and was begun under one of those uniform laws pertaining to wife desertion. He was proceeded against in the juvenile court of the district of Columbia by information for the crime of wilfully neglecting and refusing to provide for the support of his minor children. The punishment prescribed by the district of Columbia act was by fine of not more than five hundred dollars or by imprisonment in the workhouse of the District of Columbia, or by both such fine and imprisonment. He was tried by a jury, found guilty, and was sentenced to the workhouse at hard labor for six months. The court of appeals reversed the judgment and remanded the case to the juvenile court, the case was thereafter taken to the United States Supreme Court, *ibid.* Without going further into details of this case, the important points decided by the highest court in the land were, First, syllabus at page 997, first column, *ibid,* the court holds:

"A statute under which a person may be imprisoned at hard labor without having been indicted by a grand jury is none the less unconstitutional because the punishment may also be in the alternative by fine. It is what sentence can be imposed under the law, not what is imposed that is the material consideration."

The tenth ground of demurrer charges that the title of the act is insufficient because it must set out the act itself and say that it repeals sub-section (k), section 5055 of the Code of 1906, and because the act attempts to

amend section 1916 of the code of 1906, without the same being mentioned and set out in the title thereof, all in violation of section 61 of the Constitution.

The proposition which we have announced is so plain that it hardly needs any argument, but we will content ourselves to cite to the court the following cases, to-wit *Levee Commissioner* v. *Insurance Company,* 96 Miss. 833; *Seay* v. *Plumbing and Metal Company,* 110 Miss. 840. Under the authority of the *United States* v. *Moreland,* 66 L. Ed. 700, as well as under the authority of *Ex parte Smythe,* 120 S. W. 200, and *Burch* v. *State,* 120 S. W. 206, the same request was made to save part of the statute, but those courts held the act one scheme and not divisible.

It is elementary that the same statute may be in part unconstitutional, and in part constitutional, and if the parts are wholly independent of each other, that which is constitutional may stand while that which is unconstitutional will be rejected. The rule is, however, subject to several important limitations, and the whole statute will be declared invalid where the constitutional and unconstitutional provisions are so connected and interdependent in subject-matter, meaning and purpose that it cannot be presumed that the legislature would have passed the one without the other.

The test is not to be found in the fact that the constitutional and unconstitutional provisions are in separate sections, for the division into sections is purely artificial, and the rule may apply where the parts in question are in the same section, provided the separation can be accomplished without rewriting the Act.

Our own supreme court in the case of *Fant* v. *Gibbs,* cited in 54 Miss. page 396, sustains our contention, as we quote from the syllabus: "S. Statute. Unconstitutional in Part. Dependent clause. One clause of a statute enacted in consequence of others as part of a general scheme, will, if the other clauses are pronounced uncon-

stitutional, fall with them, though itself free from constitutional objections."

The authorities which we have cited fully support, we think, our contention, and statutes which have been called in question in other courts of similar import have been held unconstitutional wherever it is apparent that the Act passed by the legislature was one scheme.

Argued orally by *S. C. Broom,* Special Assistant Attorney-general, for the state, and by *P. C. Canizaro,* for appellee.

HOLDEN, J., delivered the opinion of the court.

This is an appeal by the state from a judgment of the circuit court of Warren county sustaining a demurrer to an indictment charging a husband with desertion or failure to support his wife and children in destitute or necessitous circumstances, under chapter 212, Laws of, 1920, which makes such an offense a felony punishable by imprisonment in the penitentiary. The demurrer was sustained upon the ground that the act of the legislature is void as being in conflict with several sections of the state Constitution.

In order to understand the points raised and the decision of the case it becomes necessary to set out the first five sections of chapter 212, Laws of 1920, the constitutionality of which act is here involved:

"An act relating to desertion and non-support of wife by husband, or of children by either father or mother, and providing punishment therefor; and to promote uniformity between the states in reference thereto.

"*Desertion and Non-Support of Wife or Children— Penalty for.*

"Section 1. Be it enacted by the legislature of the state of Mississippi, that any husband who shall, without just cause, desert or wilfully neglect or refuse to provide for the support and maintenance of his wife in destitute or

necessitous circumstances; or any parent who shall, without lawful excuse, desert or wilfully neglect or refuse to provide for the support and maintenance of his or her child or children under the age of sixteen years in destitute or necessitous circumstances, shall be guilty of a felony and, on conviction thereof, shall be punished by a fine not exceeding five hundred dollars, or imprisonment in the penitentiary, not exceeding two years, or both, with or without hard labor, in the discretion of the court.

*"Who may Institute Complaint.*

"Sec. 2. Proceedings under this act may be instituted upon complaint made under oath or affirmation by the wife or child or children, or by any other person, against any person guilty of either of the above names offenses.

*"Order of Court, Pendente Lite.*

"Sec. 3. At any time before the trial, upon petition of the complainant and upon notice to the defendant, the court, or a judge thereof in vacation, may enter such temporary order as may seem just, providing for support of the deserted wife or children, or both, *pendente lite,* and may punish for violation of such order as for contempt.

*"Provision for Support—Defendant may be Released on Probation.*

"Sec. 4. Before the trial, with the consent of the defendant, or at the trial, on entry of a plea of guilty, or after conviction, instead of imposing the penalty hereinbefore provided, or in addition thereto, the court in its discretion, having regard to the circumstances, and to the financial ability or earning capacity of the defendant, shall have the power to make an order, which shall be subject to change by the court from time to time, as circumstances may require, directing the defendant to pay a certain sum periodically, for a term not exceeding two years, to the wife or to the guardian, curator or custodian of the said minor child or children, or to an organization or individual approved by the court as trustee; and shall also have the power to release the defendant from custody

on probation for the period so fixed, upon his or her entering into a recognizance, with or without surety, in such sum as the court or a judge thereof in vacation, may order and approve. The condition of the recognizance shall be, such that if the defendant shall make his or her personal appearance in court whenever ordered to do so, and shall further comply with the terms of such order of support, or of any subsequent modification thereof, then such recognizance shall be void, otherwise of full force and effect.

"*When Probation Order Violated—Power of Court to Enforce.*

"Section 5. If the court be satisfied by information and due proof under oath, that at any time during said period of two years the defendant has violated the terms of such order, it may forthwith proceed with the trial of the defendant under the original charge, or sentence him or her under the original conviction or enforce the suspended sentence, as the case may be. In case of forfeiture of recognizance, and enforcement therof by excution, the sum recovered may, in the discretion of the court, be paid, in whole or in part, to the wife, or to the guardian, curator, custodian or trustee of the said minor child or children."

The act is attacked as unconstitutional on several different grounds. We will point out a few of them, but shall decide only one, which will be sufficient for the present.

It is contended the act is void because it violates section 27 of the Constitution, which provides for prosecution of felonies by indictment only; it violates sections 26 and 31 of the Constitution, in that a jury trial is denied; it violates section 159 of the Constitution, in that it usurps the jurisdiction of the chancery court in matters of alimony; that it is void because of the conflict between sections 1 and 4 of the act; it is void as contravening section 87 of the Constitution, in that it is a law enacted for the benefit of individuals; that it authorizes a suspension of the general law for the benefit of an individual; void because it is in conflict with section 124 of the Constitution.

in that it infringes upon the pardoning power vested solely in the Governor; violates sections 66 and 261 of the Constitution, in that it grants a donation in favor of a person without authority of the legislature, and gives to an individual the fines and forfeitures which should be paid into the treasury of the county; that the title to the act is insufficient, because it fails to set out the repeal of subsection (k) section 5055, Code of 1906; and finally it is argued that the act is void, because the offense attempted to be charged in section 1 of the act is indefinite, in that it does not specifically provide what shall constitute "without just cause" or "without lawful excuse" as a defense to the charge.

As said above, we shall only pass upon one of the constitutional grounds presented, and that is whether or not the act violates section 27 of the Constitution. The other constitutional questions raised are enumerated by us for the purpose of pointing out all of the possible defects in the legislation.

The act, in our opinion, clearly violates section 27 of the Constitution, in that it (section 2, 3, 4 and 5) provides for the complete prosecution of the felony named in section 1 and the infliction of the penalty therefor "upon complaint made under oath" by any person.

Indictment for the felony is not contemplated by the chapter. The third, fourth, and fifth sections of the act vest jurisdiction in an unnamed court or judge, in term time or vacation, to try the accused and order punishment before trial, suspend sentence or add thereto after trial, or require recognizance to pay money to the deserted ones; and many other things are authorized to be done against the accused by the unnamed tribunal at any time, and the court or official may finally adjudge and confine the defendant in the penitentiary. *Ex parte Smythe,* 56 Tex. Cr. R. 375, 120 S. W. 200, 23 L. R. A. (N. S.) 854, 133 Am. St. Rep. 976; *Burch* v. *State,* 56 Tex. Cr. R. 200, 120 S. W. 206; 12 C. J. p. 786; *U. S.* v. *More-*

*land,* 258 U. S. 433, 42 Sup. Ct. 368, 66 L. Ed. 700, 24 A. L. R. 992.

In testing an offense as to whether it is a felony or misdemeanor, the power given to imprison in the penitentiary determines it to be a felony. The maximum penalty that may be imposed, or the things authorized to be done, are the controlling characteristics. *U. S.* v. *Moreland, supra.*

It is obvious the chapter is a single scheme to force the offending husband to provide for the deserted ones or suffer punishment for a felony. This is the ultimate purpose of the whole act, and the different sections are inseparable, consequently, if one is void, it cannot be lifted out, but the whole chapter must fall.

Section 1 cannot be separated from the other sections and be held valid, because this section would not have been enacted without the adoption of the other sections. Therefore the infirmities in the latter sections permeate and infect section 1, and the whole chapter falls before section 27 of our state Constitution.

The judgment of the lower court sustaining the demurrer to the indictment is affirmed.

*Affirmed.*

ETHRIDGE, J. (specially concurring).

I concur in the judgment of affirmance, but base my concurrence on the ground that section 1 of the act is void, because it does not define the offense with such certainty as to constitute "due process of law" as required by the state and Federal Constitutions. See *United States* v. *L. Cohen Grocery,* 255 U. S. 81, 41 Sup. Ct. 298, 65 L. Ed. 516, 14 A. L. R. 1045, and cases therein cited. If properly drawn, section 1 of the act could be separated from the other sections and upheld. The chapter attempts to create both civil and criminal remedies, and each would be effectual, at least to some extent, without the other.