RUNNELS *v.* STATE.

(Division A.   June 10, 1929.)

[122 So. 769.   No. 28041.]

*A. M. Edwards,* of Mendenhall, for appellant.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

Cook, J., delivered the opinion of the court.

The appellant, Anderson Runnels, was indicted in the circuit court of Smith county on a charge of vagrancy, the indictment being based upon subdivision (k) of section 5055, Code of 1906, which defines who are vagrants. He was convicted on this charge, and sentenced to serve a term of thirty days in the county jail; and from this conviction and sentence he prosecuted this appeal.

From the testimony offered by the state, it appears that the appellant and his wife, Mrs. Carley Runnels, were married in Smith county on the 28th day of September, 1926; that after their marriage they lived with the appellant's mother-in-law until the latter part of November, 1926, when the defendant, without any cause whatever, left his wife and home, and remained away until Christmas Eve; that on that day he returned to his home, and remained with his wife until the night of Christmas Eve, when he again went away, and has never returned; that in August, 1927, a child was born to defendant's wife, and she testified positively that the defendant was the father of this child. The testimony for the state was to the effect that the defendant left his wife and home without any cause whatever for so doing; that, when he abandoned his wife, she had no money or means of support, and that at the time of the trial she had no way of earning a living for herself and the child; that she was compelled to continue to live with her mother, who was a widow with five children, whose only means of support was her physical labor, supplemented

by a small pension amounting to from fifteen to twenty-five dollars per month.

The defendant testified that he left his wife because she was unfaithful to him, and he had been informed that she had sexual intercourse with another man. He offered the testimony of one witness, who testified that he had sexual intercourse with defendant's wife after her marriage to defendant; and he also offered the testimony of another witness, who testified that he had sexual intercourse with her a short time prior to her marriage, but the testimony of the latter witness was excluded upon objection.

The first point argued by counsel for the appellant is that the court below erred in overruling a demurrer to the indictment, on the ground that the provisions of the chapter on vagrancy which prescribed the penalty to be imposed upon conviction of the offense is unconstitutional and void, because it invades the pardoning power vested in the governor by section 124 of the Constitution of 1890.

The appellant was indicted under subdivision (k) of section 5055 of the Code of 1906, which provides that "every person who shall abandon his wife or family, without just cause, leaving her or them without support, or in danger of becoming a public charge," is a vagrant, and shall be punished as such.

This provision of the statute dealing with vagrancy has been twice expressly repealed, and twice revived, by reason of the fact that the repealing statutes were held to be unconstitutional. It was first repealed by chapter 212, Laws of 1920, which was "An act relating to desertion and non-support of wife by husband, or of children by either father or mother, and providing punishment therefor."

In the case of *State* v. *Sansome*, 133 Miss. 428, 97 So. 753, this act was held to be violative of section 27 of the Constitution of 1890, which requires that all felonies shall be prosecuted by indictment; and the court there held

that the unconstitutional provisions of this statute were not separable from the other provisions thereof, and consequently that the entire act was void.

Subdivision (k) of section 5055 of the Code of 1906 was again expressly repealed by chapter 155 of the Laws of 1924, which was entitled, "An act relating to the desertion and non-support of a wife by her husband or of children by either father or mother, and providing punishment therefor."

This Act of 1924 was likewise held unconstitutional in the case of *State* v. *Jackson*, 143 Miss. 745, 109 So. 724, the court holding in that case that the provisions of the act authorizing the court to suspend sentence upon the defendant executing a bond conditioned to provide for the support and maintenance of his wife and child, or children, for a period of two years, and permitting the defendant to completely satisfy and wipe out the offense by observing the conditions of this bond, were an invasion of the pardoning power vested in the Governor by section 124 of the Constitution of 1890, and that all the provisions of the act were necessary to carry out the legislative scheme of holding the conviction and sentence over the defendant for the purpose of enforcing the discharge of his civil duties to his wife and children, and that therefore the unconstitutional provisions were not separable from the other provisions of the act.

The appellant now contends that the ruling of the court in the *Jackson case, supra,* is applicable to section 5058 of the Code of 1906, and that this section is likewise an unconstitutional invasion of the pardoning power of the Governor. This section provides that a person convicted of vagrancy shall be committed to jail "for not less than ten nor more than thirty days, and said person so committed shall serve said sentence for the prescribed time, and shall not be liberated from such sentence by payment for the time required to be served by said sentence, unless such person gives bond," etc.

There is no provision in our laws which authorizes any one to be liberated from a jail sentence *by payment* for the time required to be served, and therefore the provision of this statute that a person so committed to jail "shall not be liberated from such sentence by payment for the time required to be served by such sentence, unless such person gives bond," etc., appears to be meaningless. But, if this provision can be construed as conferring any right which would be held to be an invasion of the pardoning power of the Governor—which we do not now decide—it is entirely separable from the other provisions of the act fixing a penalty for the violation thereof, and it in no wise adversely affects the interests of the appellant, and consequently he cannot complain.

The appellant next complains of the refusal of the court to peremptorily instruct the jury to return a verdict of "not guilty as to the desertion of the child." This instruction was properly refused. There was ample testimony upon which the jury could find that the appellant was the father of this child, and, if he was its father, then he was liable for its support, and would fall within the condemnation of this statute, if he abandoned it, leaving it without support, and under such conditions as it was liable to become a public charge. Upon the question of whether the appellant was the father of the child, the evidence was conflicting, and this presented an issue of fact for the decision of the jury.

The appellant next criticizes one of the state's instructions, which informed the jury that it was the legal duty of the appellant to support his wife so long as she remained his wife. It is settled law in this state that, by virtue of the marriage relation, the husband is liable for the support of his wife and children. In the case of *East v. King*, 77 Miss. 738, 27 So. 608, the rule is announced in syllabus No. 1: "A husband and father is bound to support his wife and infant children, and if he leaves them without means of subsistence, he is liable to the wife's

mother who furnishes them." This doctrine was reannounced in the case of *Galtney* v. *Wood,* 149 Miss. 56, 115 So. 117.

The court below committed no error in refusing to permit the appellant to cross-examine his wife in reference to acts of sexual intercourse with other men prior to her marriage. Such acts of sexual intercourse, if shown, would not justify him in abandoning his wife, leaving her without support and in danger of becoming a public charge.

We find no reversible error in this record, and therefore the judgment of the court below will be affirmed.

*Affirmed.*