IN THE SUPREME COURT OF MISSISSIPPI
NO. 96-CA-00123-SCT

*PINKEY WHITFIELD A/K/A PINKY WHITFIELD*
*A/K/A PENKEY B. WHITFIELD*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/21/95 |
| TRIAL JUDGE: | HON. R. KENNETH COLEMAN |
| COURT FROM WHICH APPEALED: | CHICKASAW COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: W. GLENN WATTS |
| DISTRICT ATTORNEY: | LARRY L. LITTLE |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED - 10/9/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/30/97 |

**BEFORE SULLIVAN, P.J., PITTMAN AND BANKS, JJ.**

**PITTMAN, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

This case involves an appeal from a Chickasaw County Circuit Court Order denying post-conviction relief to Pinkey Whitfield without an evidentiary hearing. Whitfield pled guilty to three charges of the sale of a controlled substance, to-wit cocaine, on December 7, 1993. Her guilty pleas were accepted and she was sentenced at that time to a term of thirty years on each of the charges, to run concurrently. Whitfield filed a petition to vacate and set aside the convictions on January 11, 1995. From the denial of this post-conviction relief, Whitfield appeals.

## STATEMENT OF THE FACTS

On December 16, 1993, Chickasaw County Attorney, John A. Gregory, filed three separate criminal informations charging Pinkey Whitfield with the sale of a controlled substance, cocaine. On December 17, 1993, Whitfield petitioned the circuit court of Chickasaw County to allow her to plead guilty to the aforementioned charges. The court, after thoroughly questioning Whitfield, determined that she was aware of the consequences of entering a plea of guilty and that she was doing so freely and voluntarily. It was the "observation of the Court of the defendant as she [stood] before the bench that she's very capable, very competent to have considered this matter, and to have reached the decision to offer a plea of guilty." Subsequent to the court accepting the guilty pleas, Whitfield signed and filed a wavier of indictment on December 23, 1993.

On January 11, 1995, Whitfield filed her "Petition to Vacate and Set Aside Conviction." In her petition, she asked the court to vacate and set aside her convictions alleging that the convictions were unconstitutional based upon ineffective assistance of counsel. She alleged that "counsel for the petitioner was ineffective, in that he [petitioner's counsel] allowed the petitioner to plead guilty without a formal indictment, which clearly violated the petitioner's 5th amendment rights. Moreover, by the petitioner's guilty plea, it violated her 14th amendment rights to due process of the law."

After examining Whitfield's petition, the court found that it is manifest that Pinkey Whitfield is not entitled to any relief and that the petition for post-conviction relief should be dismissed. The Court dismissed the petition pursuant to Section 99-39-11(2) of Miss. Code Ann. (1972). That section states:

> If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.

Miss. Code. Ann. § 99-39-11(2) (1972).

## STATEMENT OF THE ISSUES

Whitfield raises three issues in her appeal to this Court as stated below:

**I. Whether the Trial Court violated Whitfield's Rights to Due Process.**

**II. Whether the Trial Court erred when it denied the Defendant's post-trial Motion to Vacate and Set Aside Conviction.**

**III. Whether the Defendant was denied effective assistance of Counsel.**

## ANALYSIS

Whitfield alleges on appeal that she was allowed to enter a guilty plea without a formal indictment. She further alleges that the trial court erred in denying her post-trial motion to vacate and set aside her conviction. Finally, she states that she received ineffective assistance of counsel by allowing her to sign a waiver of indictment after her guilty plea had been accepted and sentence had been handed down. We agree with Whitfield and, therefore, reverse and remand the case for the following reasons.

Contained in the record are nine pages of the transcript whereby the trial court examined Whitfield and after a thorough examination determined that she was freely and voluntarily entering a guilty plea to these three felony charges of the sale of a controlled substance, cocaine.

Also included in the record is a waiver of indictment signed by Whitfield and executed in open court by her attorney, Richard Bennett. The form of the waiver seems to be appropriate and if timely presented to the trial court likely would have waived the necessity of an indictment. However, Whitfield had already pled and been sentenced, all without an indictment or waiver.

We are disturbed by the fact that the waiver of indictment was not executed by Whitfield or Whitfield's attorney until **after** Whitfield's plea of guilty had been accepted and sentence handed down. This clearly violates the Constitution of the State of Mississippi. The pertinent section is as follows:

> No person shall, for any indictable offense, be proceeded against criminally by information, except in cases arising in the land or naval forces, or the military when in actual service, or by leave of court for misdemeanor in office <u>or where a defendant represented by counsel by sworn statement waives indictment</u>; but the legislature, in cases not punishable by death or by imprisonment in the penitentiary, may dispense with inquest of the grand jury, and may authorize prosecutions before justice court judges, or such other inferior court or courts as may be established, and the proceedings in such cases shall be regulated by law.

Miss. Const. art. III, § 27 (1890) (emphasis added). The law is settled on this point. It has long been the rule that the Mississippi Constitution requires an indictment before the prosecution for felonies unless one of the noted exceptions exist. *Quick v. State*, 569 So. 2d 1197, 1199 (Miss. 1990) (citing *State v. Sansome*, 97 So. 753 (1923)).

The fact that Whitfield was allowed to plead and was sentenced without an indictment and without a valid waiver of indictment disposes of this case.

## CONCLUSION

After criminal informations were filed against Whitfield on three separate charges of the sale of a controlled substance, cocaine, she voluntarily entered a guilty plea, thereby waiving her right to challenge the sufficiency of the State's evidence. However, Whitfield entered her guilty plea and was subsequently sentenced prior to being indicted by the grand jury and prior to her execution of a valid waiver of indictment. Both the Constitution of the State of Mississippi and the case law in Mississippi are clear that a criminal defendant shall not be proceeded against criminally for a felony unless the defendant was properly indicted by the grand jury or waives such indictment by a sworn statement. In this case we had neither. Whitfield was not indicted and did not execute a valid waiver of indictment until after she had entered her plea and had been sentenced by the trial court. For the foregoing reasons, this case is reversed and remanded for proceedings not inconsistent with this opinion.

**REVERSED AND REMANDED FOR PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.**

**PRATHER AND SULLIVAN, P.JJ., BANKS, McRAE AND MILLS, JJ., CONCUR. DAN**

**LEE, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY ROBERTS AND SMITH, JJ.**

**DAN LEE, CHIEF JUSTICE, DISSENTING:**

I write separately because I believe that the lower court's denial of Pinky Whitfield's ("Whitfield") motion for post-conviction relief should be affirmed. Whitfield did not include any supporting affidavits in her motion to set aside her conviction. The relevant statute states:

> (1) A motion under this chapter shall name the state of Mississippi as respondent and shall contain all of the following:
>
> * * *
>
> (e) A specific statement of the facts which are not within the prisoner's personal knowledge. The motion shall state how or by whom said facts will be proven. Affidavits of the witnesses who will testify and copies of documents or records that will be offered shall be attached to the motion. The affidavits of other persons and the copies of documents and records may be excused upon a showing, which shall be specifically detailed in the motion, of good cause why they cannot be obtained. This showing shall state what the prisoner has done to attempt to obtain the affidavits, records and documents, the production of which he requests the court to excuse.

Miss. Code Ann. § 99-39-9 (1)(e) (1994). In ***Robertson v. State***, 669 So. 2d 11 (Miss. 1996), we held that Robertson's motion for relief was "deficient in accordance with Miss. Code Ann. § 99-39-9(1) (1994) since the only evidentiary support for his claim was his own affidavit. Therefore, the denial of post-conviction relief is affirmed." ***Id.*** at 11. Whitfield did not even include her own affidavit in the instant case. On this basis alone, the lower court's denial of post-conviction relief should be affirmed.

Additionally, as to the majority's reversal in the instant case, employing the "cart before the horse" reasoning, I disagree, basing such upon the valid waiver, signed in open court by Whitfield with attending legal representation. Common sense dictates that the valid waiver operates to cure any deficiency as to the timing of the waiver. What occurred in the instant case was a typical concession to a defendant to expedite the plea entry process, which is sometimes slowed by the paucity of support personnel in some jurisdictions. A common practice in jurisdictions short of such support personnel is to take the guilty plea and complete the paper work following the plea hearing. Had there been no valid waiver, I would quickly concur with the majority. Likely, the better procedure to follow would have been to have the waiver in place before the entry of a plea and sentencing; but, based upon the facts of this case, I would affirm the denial of Whitfield's petition for post-conviction relief. Therefore, I respectfully dissent.

**ROBERTS AND SMITH, JJ., JOIN THIS OPINION.**