# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1998-KA-01133-SCT

*STATE OF MISSISSIPPI*

*v.*

*ROGER WAYNE WOODALL*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/30/1998 |
| TRIAL JUDGE: | HON. JOHN H. WHITFIELD |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF THE ATTORNEY GENERAL BY: CONO A. CARANNA LISA P. DODSON |
| ATTORNEY FOR APPELLEE: | JOE SAM OWEN |
| DISTRICT ATTORNEY: | CONO A. CARANNA |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED; INDICTMENT REINSTATED - 6/17/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/8/99 |

**BEFORE PRATHER, C.J., MILLS AND COBB, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. Appellee Roger Wayne Woodall was arrested pursuant to an arrest warrant issued on February 24, 1997, based on fourteen affidavits accusing him of obtaining controlled substances by forging prescriptions. On February 25, 1998, an indictment was returned by the Grand Jury of the First Judicial District of Harrison County. Woodall was indicted on five counts of knowingly and intentionally acquiring or obtaining possession of a controlled substance by passing a forged prescription to a practitioner. The incidents which formed the basis of the indictment occurred on the following dates: August 18, 1995; August 25, 1995; September 1, 1995; September 8, 1995; and September 16, 1995.

¶2. Woodall then filed a motion to dismiss based on the statute of limitations. Woodall argued that since the

indictment was filed over two years after the crimes were allegedly committed, the action was barred. The trial court granted Woodall's motion finding, "the prosecution against the defendant . . . was commenced by the filing of the indictment which occurred more than two (2) years from the date of the alleged offenses" The trial court also held the crimes charged did not fall within the exceptions to the statute of limitations. From the judgment of the Circuit Court of the First Judicial District of Harrison County, the State appeals assigning the following as error:

**I. WHETHER PROSECUTION IS COMMENCED WITHIN THE MEANING OF MISS. CODE ANN. § 99-1-5 BY THE ISSUANCE OF A WARRANT UNDER MISS. CODE ANN. § 99-1-7.**

**II. WHETHER THE CHARGES IN THIS CASE UNDER MISS CODE ANN. § 41-29-144 ARE EXCEPTED FROM THE STATUTE OF LIMITATIONS PRESCRIBED BY MISS. CODE ANN. § 99-1-5.**

**III. WHETHER THE OTHER ITEMS CONTAINED IN THE TRIAL COURT'S ORDER ARE RELATED TO THE STATUTE OF LIMITATIONS RATHER THAN THE ISSUES OF SPEEDY TRIAL OR DUE PROCESS.**

## DISCUSSION

**I. WHETHER PROSECUTION IS COMMENCED WITHIN THE MEANING OF MISS. CODE ANN. § 99-1-5 BY THE ISSUANCE OF A WARRANT UNDER MISS. CODE ANN. § 99-1-7.**

¶3. Woodall alleges the state did not commence prosecution against him within the two-year time period required by then applicable Miss. Code Ann. § 99-1-5 (1994):

> A person shall not be prosecuted for any offense, with the exception of murder, manslaughter, arson, burglary, forgery, counterfeiting, robbery, larceny, rape, embezzlement, obtaining money or property under false pretenses, felonious abuse or battery of a child as described in Section 97-5-39, touching or handling a child for lustful purposes as described in Section 97-5-23, sexual battery of a child as described in Section 97-3-95(c) or exploitation of children as described in Section 97-5-33, **unless the prosecution for such offense be commenced within two (2) years next after the commission thereof**, but nothing contained in this section shall bar any prosecution against any person who shall abscond or flee from justice, or shall absent himself from this state or out of the jurisdiction of the court, or so conduct himself that he cannot be found by the officers of the law, or that process cannot be served upon him.
>
> . . . .

Miss. Code Ann. § 99-1-5 (1994)(emphasis added).

¶4. Commencement of prosecution is defined by the statute immediately following the statute of limitations:

> A prosecution may be commenced, within the meaning of section 99-1-5 by the issuance of a warrant, or by binding over or recognizing the offender to compel his appearance to answer the offense, as well as by indictment or affidavit.

Miss. Code Ann. § 99-1-7 (1994). However, the trial court found issuance of a warrant only applies to commence prosecution in misdemeanor cases. In a felony case, as the instant case, the trial court found an indictment was required to commence prosecution. On this basis, the court found prosecution of Woodall was barred by the statute of limitations.

¶5. Woodall cites authority to bolster the trial court's finding. He notes that the Mississippi Constitution mandates: "No person shall, for any indictable offense, be proceeded against criminally by information. . . ." Miss. Const. Art. 3 § 27.

¶6. He also notes that "prior to prosecution" of a felony, an indictment must be returned. *Williams v. State*, 708 So.2d 1358, 1364 (Miss. 1998). *See also Quick v. State*, 569 So.2d 1197, 1999 (Miss. 1990); *Jefferson v. State*, 556 So.2d 1016, 1019 (Miss. 1989).

¶7. The State, to the contrary, notes two cases specifically addressing when the prosecution of felonies commences. This Court held that in a case of kidnapping and murder, prosecution had already commenced when the accused had been arrested but not indicted. *Cannaday v. State*, 455 So. 2d 713, 722 (Miss. 1984). When a couple was accused of arson, this Court found prosecution had commenced when they had been arrested, charged, and informed about release on bond but not indicted. *Page v. State*, 495 So. 2d 436, 439 (Miss. 1986). We held, "Miss. Code Ann. § 99-1-7 (1972) provides for commencement of prosecution as occurring when a warrant is issued as well as 'by binding over or recognizing the offender to compel his appearance to answer the offense.'" *Id. Accord, Livingston v. State*, 519 So.2d 1218, 1220-21 (Miss. 1998).

¶8. While it is true that an indictment is required to prosecute one charged with a felony, our case law suggests and our statute mandates that the process of prosecution commences prior to indictment. This is true whether the prosecution involves a felony or a misdemeanor although this Court's attempt to stress the importance of an indictment may have left some of the terminology ambiguous or seemingly contradictory.

¶9. Woodall was arrested pursuant to arrest warrant issued on February 24, 1997, less than two years after the alleged incidents of obtaining a controlled substance by forgery. Therefore, the trial court incorrectly found the State was barred from prosecuting Woodall. Because of this error, this Court must reverse the judgment below, reinstate the indictment, and remand this case for further proceedings consistent with this opinion.

## II. WHETHER THE CHARGES IN THIS CASE UNDER MISS. CODE ANN. § 41-29-144 ARE EXCEPTED FROM THE STATUTE OF LIMITATIONS PRESCRIBED BY MISS. CODE ANN. § 99-1-5.

¶10. As the action is not barred according to the statute of limitations, this assignment of error is moot.

## III. WHETHER THE OTHER ITEMS CONTAINED IN THE TRIAL COURT'S ORDER ARE RELATED TO THE STATUTE OF LIMITATIONS RATHER THAN THE ISSUES OF SPEEDY TRIAL OR DUE PROCESS.

¶11. Woodall contends his constitutional right to a speedy trial was violated. However, he raises this issue for the first time on appeal. We have held that even when it appears that the speedy trial statute was violated, if it was not raised in the trial court, we may remand for the lower court to consider the reasons for

the delay. ***Barnes v. State***, 577 So. 2d 840, 844 (Miss. 1991). When the issue was not raised below and there was no plain error, we have refused to address allegations regarding speedy trial. ***[Sanders v. State, 678 So. 2d 663, 671 (Miss. 1996)](#)***. Therefore, the issue is remanded to the trial court for consideration of this issue.

## CONCLUSION

¶12. The issuance of an arrest warrant signals the commencement of prosecution. Miss. Code Ann. § 99-1-7 (1994). *See **Cannaday***, 455 So. 2d at 722; ***Page***, 495 So. 2d at 439. Prosecution must be commenced within two years from the date of the commission of any crime. Miss. Code Ann. § 99-1-5(1994 & Supp. 1998). Woodall was arrested pursuant to an arrest warrant issued February 24, 1997, within two years after the incidents in question. Therefore, the State is not barred from prosecuting Woodall, and consideration of any exceptions to the statute of limitation are moot. While it appears that there may have been a violation of Woodall's constitutional right to a speedy trial, this issue was not raised or ruled on below. We are unable to determine the reasons for the delay. Therefore, the trial court should evaluate Woodall's speedy trial claims on remand.

¶13. For these reasons, we reverse the judgment of the Harrison County Circuit Court, we reinstate the indictment, and we remand this case for further proceedings consistent with this opinion.

¶14. **REVERSED AND REMANDED; INDICTMENT REINSTATED.**

**PRATHER, C.J., PITTMAN, P.J., BANKS, SMITH, WALLER AND COBB, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J.**

     **McRAE, JUSTICE, DISSENTING**:

¶15. The trial court was right as it dismissed the charges because the State failed to indict the defendant within 2 years of the charged offense. The statute of limitations bars prosecution. I dissent. This is a felony case. Our Mississippi Constitution plainly provides that:

> **No person shall, for any indictable offense, be proceeded against criminally by information**, except in cases arising in the land or naval forces, or the military when in actual service, or by leave of the court for misdemeanor in office or where a defendant represented by counsel by sworn statement waives indictment; **but the legislature, in cases not punishable by death or by imprisonment in the penitentiary, may dispense with the inquest of the grand jury**, and may authorize prosecutions before justice court judges, or such other inferior court or courts as may be established, and the proceedings in such cases shall be regulated by law.

Miss. Const. art. 3, § 27 (emphasis added). The legislature may not allow information to suffice for the commencement of a criminal proceeding, i.e. prosecution.[1] With no language stating otherwise, this Court too has no authority so to deem information sufficient. An indictment was required. *See **[Williams v. State,](#)***

[708 So. 2d 1358, 1364 (Miss. 1998)](#) (*citing State v. Sansome*, 133 Miss. 428, 438, 97 So. 753, 754 (1923)). Such was not issued in a timely fashion. Section 27 of Article 3 of our Mississippi Constitution, as well as our cases of *Williams* and *Quick v. State*, 569 So. 2d 1197 (Miss. 1990), should be followed. Indeed, in *Quick*, we stated that "[t]his provision [Miss. Const. art. 3, § 27] has been in each of the constitutions which the people of the State of Mississippi have established. It is very clear that, from the beginning, the people of Mississippi have ordained that they not be prosecuted for felonies except upon the indictment by a grand jury." *See id.* at 1199. The decision of the trial court should be affirmed.

**SULLIVAN, P.J., JOINS THIS OPINION.**

1. "**Prosecution.** A criminal action; a proceeding instituted and carried on by due course of law, before a competent tribunal, for the purpose of determining the guilt or innocence of a person charged with crime. . . ."**Black's Law Dictionary** 1221 (6th ed. 1990).