DICKINSON, Presiding Justice,
concurring in result only:
¶ 18. The plurality — relying on a line of poorly-worded opinions (including one of mine) — incorrectly holds that trial judges should be allowed to amend indictments handed down by grand juries. I respectfully concur in result only.
The primary purpose of an indictment is NOT to provide the defendant with notice.
¶ 19. As provided under Article 26 of our Constitution, the primary purpose of serving an indictment on a defendant is to place the defendant on notice of the “nature and cause of the accusation.” [10] The plurality’s error in this case can be traced to a long line of this Court’s opinions that have not carefully and sufficiently distinguished Article 26’s purpose from Article 27’s. I am one of the most recent offenders.[11]
¶ 20. In numerous opinions, including mine in Decker, we have inartfully stated that the primary purpose of an indictment is ‘to provide the defendant with a concise statement of the crime so that he may have a reasonable opportunity to prepare and present a defense to those charges,” or words to that effect.[12] These cases cite *1063 Article 26, an article that discusses notice to the defendant, but does not address (or even mention) an indictment. Instead, it establishes a defendant’s right to notice of “the nature and cause of the accusation,” which certainly may be (but is not required to be) accomplished by service of the indictment. In fact, our constitution has no requirement whatsoever that the indictment itself ever be served on the defendant. It requires nothing beyond informing the defendant of “the nature and cause of the accusation....”[13]
¶ 21. So why do we have indictments? Article 27 — the article that actually requires the State to obtain an indictment before proceeding with a prosecution — has nothing to do with notice to the defendant. The purpose of Article 27’s requirement of an indictment is to place the grand jurors — not the prosecutor or the trial judge — in a position to decide whether, and on what charges, the State will be allowed to proceed.[14]
¶22. In discussing the purpose of an indictment, the United States Supreme Court has stated that
the very purpose of the requirement that a man be indicted by grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge.[15]
¶ 23. Let’s think about it logically. If the primary purpose of obtaining an indictment is to place the defendant on notice, why is the defendant not allowed to attend the grand-jury proceedings? And if notice is our goal, why wouldn’t we just dispense with grand-jury indictments altogether, and let the prosecutor (who knows better than anyone else what crimes will be prosecuted) put the defendant on notice? The answer is that grand-jury indictments serve the very different and important purpose of allowing the grand jurors — and no one else — to decide the charges.[16]
¶ 24. As for today’s case, the issue is whether the defendant was on proper notice of the State’s intent to seek sentencing based on habitual-offender status. For the reasons stated in Justice Randolph’s plurality opinion, I believe he was. But the question is notice, not indictment. I find nothing whatsoever in our Constitution that remotely suggests a defendant must be indicted for habitual-offender status, which is nothing more than a request to enhance the defendant’s sentence.
¶ 25. So I agree that McCain’s conviction and sentence should be upheld, not (as the plurality suggests) because the trial judge was authorized to amend the indictment, but because McCain’s constitutional right to notice under Section 26 was satisfied.
RANDOLPH, LAMAR and KITCHENS, JJ., Join this Opinion in Part.

. Miss. Const, art. 3, § 26 (emphasis added).

. Decker v. State, 66 So.3d 654, 656 (Miss. 2011).

. Id. See also Burrows v. State, 961 So.2d 701, 705 (Miss.2007); State v. Berryhill, 703 So.2d 250, 255 (Miss.1997); Williams v. State, *1063 445 So.2d 798, 804 (Miss.1984); Bullock v. State, 391 So.2d 601, 606 (Miss.1980).

. Miss. Const, art. 3, § 26.

. State v. Berryhill, 703 So.2d 250 (Miss.1997); State v. Sansome, 133 Miss. 428, 97 So. 753 (1923). See also URCCC 7.03 (only the grand jury "has the power to indict any person,” and indictments require "affirmative vote of 12 or more grand jurors).

. Stirone v. United States, 361 U.S. 212, 218, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960).

. Miss. Const, art. 3, § 27; URCCC 7.03.