## ELLIS *v.* STATE.

(In Banc.   February 9, 1948.)

[33 So. (2d) 837.   No. 36631.]

**Jackson, Young, Daniels & Mitchell**, of Jackson, for appellant.

**Greek L. Rice,** Attorney General, by **Geo. H. Ethridge,** Assistant Attorney General, for appellee.

Argued orally by **Joe H. Daniel,** for appellant, and by **Geo. H. Ethridge,** for appellee.

**McGehee, J.,** delivered the opinion of the court.

The appellant, O. E. Ellis, was tried and convicted on an affidavit, before a justice of the peace, for the commission of the second offense of having in his possession a gambling device, commonly known as a slot machine, contrary to the provisions of Section 2047, Code 1942, and was sentenced to serve a term of six months in the county jail. From this conviction and sentence he appealed to the circuit court, was tried de novo on this affi-

davit, was again convicted and sentenced to a term of six months in the county jail, and also to pay a fine of $250.

The statute in question makes the first offense a misdemeanor, provides for the assessment of a fine not exceeding $250, or imprisonment in the county jail not exceeding three months, or both, in the discretion of the court; and it further provides that in the event of a second conviction, the accused shall be subject to a sentence of not less than six months in the county jail nor more than two years in the state penitentiary, in the discretion of the trial court.

It was held in case of State v. Sansome, 133 Miss. 428, 97 So. 753, 754, that, "In testing an offense as to whether it is a felony or misdemeanor, the power given to imprison in the penitentiary determines it to be a felony. . . ." Therefore, the affidavit having charged a first offense and a conviction therefor prior to the alleged date of commission of the second offense for which the accused was then being tried, was a charge of the commission of a felony. Moreover, he was sentenced in the justice of the peace court to serve a term of six months, which was in excess of the punishment provided for the first offense—a misdemeanor—and on appeal he was also given a sentence of six months upon conviction in the circuit court.

The justice of the peace was without authority to do more than to require the accused to give bail for his appearance in the circuit court to await the action of the grand jury; consequently, the circuit court had no jurisdiction to try the accused for a felony without an indictment.

Therefore, the judgment appealed from must be reversed and the cause remanded, and the defendant held under his bond to await any further proceedings in the cause.

Reversed and remanded.