BELLEW, et al. *v.* DEDEAUX, SHERIFF

No. 41823 January 30, 1961 126 So. 2d 249

*Thomas J. Wiltz, Albert Sidney Johnston, Jr.,* Biloxi, for appellants.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

McElroy, J.

On November 3, 1958, this Court affirmed a conviction of appellants and their sentences to the penitentiary by the Circuit Court of Harrison County, Mississippi, for concealing and harboring an escaped prisoner under Sec. 2142.5 of the Miss. Code of 1942, Rec., which is Chapter 258 of the Laws of 1952 as follows: "An act to make it a felony for any person to conceal or harbor any prisoner or convict who has escaped from the lawful custody of any officer, jail, prison, or penitentiary; and to provide the penalties for the violation thereof.

"Be it enacted by the Legislature of the State of Mississippi:

"Section 1. Every person who shall knowingly conceal or harbor any prisoner or convict who has escaped from the lawful custody of any officer, jail, prison, or the penitentiary, within this state shall be guilty of a felony and upon conviction shall be fined not less than one hundred dollars ($100.00) nor more than five hundred dollars ($500.00) or by imprisonment in the penitentiary not to exceed five (5) years." Certiorari and rehearing were denied by the Supreme Court of the United States. Bellew v. State, 238 Miss. 734, 106 So.

2d 146, appeal dismissed and certiorari denied 79 S. Ct. 1430, 360 U. S. 473, 3 L. Ed. 2d 1531, rehearing denied 80 S. Ct. 43, 361 U. S. 858, 4 L. Ed. 2d 96.

One of the points raised at that time was the ''constitutionality of the act and that the judgment was null and void and violates the Fourteenth Amendment to the Constitution of the United States and Section 14 of the Constitution of Mississippi and that the appellants were denied due process of law and equal protection of the law.'' In passing on this point the Court held in Bellew v. State, supra, as follows: ''The first point argued by the appellants' attorneys as ground for reversal of the judgment of the lower court is that Section 2142.5, Code of 1942, the statute under which the indictment was returned, is unconstitutional for the reason that it contains two subject matters and prescribes punishment for a misdemeanor and a felony in one statute. But we think there is no merit in that contention.

'' 'Crimes are classified by some statutes according to the punishment actually imposed. Some courts have declared that where a crime may be punished as a misdemeanor or as a felony, it will be considered to be a misdemeanor only. * * * In a majority of jurisdictions, however, when the court or the jury is given the discretion to fix the punishment for an offense by imprisonment in the penitentiary, fine, or by confinement in jail, such an offense is held to be a felony regardless of the penalty actually imposed.' 14 Am. Jur. 763, Criminal Law, par. 13.

''This Court has adopted the majority rule that, when the court or the jury is given the discretion to fix the punishment for an offense by imprisonment in the penitentiary, or by fine or confinement in the county jail, such an offense is held to be a felony regardless of the penalty actually imposed. State v. Sansome, 133 Miss. 428, 97 So. 753; Ellis v. State, 203 Miss. 330, 33 So. 2d 837.''

Since the denial of the appeal by the Supreme Court of the United States on June 21, 1960, appellants presented a motion to this Court to vacate or correct the alleged illegal sentence imposed upon them and prayed for a stay of execution pending consideration of the motion by the Court. This motion was presented to two justices of this Court, each of whom denied the motion. The appellants then, as shown by the record in this case, presented a petition for a writ of habeas corpus to the Circuit Judge of Harrison County, Mississippi, alleging the same things heretofore passed on by this Court. The hearing on this petition was denied by the circuit judge under Sec. 2820 of the Code and 2816 due to the fact the prisoners were "suffering imprisonment under lawful judgment." A similar petition was presented to the chancellor and he entered a decree July 1, 1960, on an answer filed by the sheriff denying that the holding of the prisoners was unlawful. His holdings were based on Sec. 2836 of the Code of 1942, Rec., and that the prisoners were held under proper judgment of the court.

This case should be affirmed for two reasons.

 █ First, the chancellor correctly dismissed the petition for habeas corpus. Petitioners had previously applied to the circuit court for issuance of a writ, and it was denied. Thereafter appellants' remedy was by an appeal from the order of the circuit court. Miss. Code 1942, Sec. 2836 provides: "The judgment rendered on the trial of any writ of habeas corpus shall be conclusive until reversed, and, whilst so in force, shall be a bar to another habeas corpus in the same cause, or to any other proceedings, to bring the same matter again in question, except by appeal or by action for false imprisonment; * * *."

Second, even if the petition is considered on the merits, it has no validity. The petition is not based on any extraneous facts or circumstances affecting the integrity of the judgment of conviction. It is based solely upon

the contention that Code Sec. 2142.5 does not validly provide for imprisonment in the penitentiary, and therefore is not a felony statute. ■■ ■ However, interpreting the act, we must consider it as an entirety in order to determine the legislative intent. The title of the statute, Miss. Laws 1952, chapter 258, defines it as ''an act to make it a felony for any person'' etc. and ''to provide the penalties for the violation thereof.'' ■ ■ If there is any uncertainty in the body of an act, the title may be resorted to for the purpose of ascertaining legislative intent and of relieving the ambiguity. Lewis v. Simpson, 176 Miss. 123, 167 So. 780. Considering the title and the body of the act together it is manifest that the legislature intended for one convicted under the statute to be subject to the stated fine or to imprisonment in the penitentiary. Appellants' argument would write out of the statute the following phrases, ''by imprisonment in the penitentiary''. This we decline to do. ■■ ■ Considering the act as an entirety, we think the manifest, stated legislative intent was to make it a felony and to provide for imprisonment in the penitentiary. See Ellis v. State, 59 Tex. Crim. Rep. 630, 130 S. W. 171.

For both of these reasons the decree of the chancery court is affirmed.

Affirmed.

*Lee, Arrington, Ethridge* and *Rodgers, JJ.,* concur.