209 So.2d 841 (1968)
Bobby Earl HOPKINS
v.
STATE of Mississippi.
No. 44681.
Supreme Court of Mississippi.
April 29, 1968.
Dyer & Dyer, Greenville, for appellant.
Joe T. Patterson, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen., Jackson, for appellee.
ROBERTSON, Justice.
Bobby Earl Hopkins, a minor fifteen years of age, was indicted at the February 1967 term of the Circuit Court of Issaquena County on the charge of burglary. He was tried during that term of court, was convicted and committed to Oakley Training School for an indefinite period of time.
*842 The judgment recites, in part:
"It appearing to the Court that the Defendant Bobby Earl Hopkins is of the age of fifteen years, and the Court feeling that justice will be better served through a committal of this Defendant to the Oakley Training School, it is hereby Ordered and Adjudged that the said Bobby Earl Hopkins be, and he hereby is, committed to Oakley Training School for an indefinite period of time, with the authority being hereby granted to the officials at the said training school to release said Defendant at such time as they feel he has been rehabilitated." (Emphasis added)
Before arraignment and trial, the circuit court ruled that the defendant was an indigent person, that he had indicated to the court his desire that counsel be appointed to represent him, and being satisfied of the inability of the defendant to provide his own counsel, the court appointed an able and experienced attorney, a member of the Sharkey County and Mississippi State Bar, to represent the defendant. Appointed counsel represented the defendant in an excellent manner, as attested by the jury verdict recommending clemency for Bobby Earl Hopkins.
After the time had expired for giving notice to the court reporter to transcribe her notes for an appeal, the defendant-appellant privately employed another lawyer to appeal the case.
The only record filed in this Court, therefore, was a transcript of the pleadings.
The appellant, in his original assignment of error, contended that the lower court was without jurisdiction at the time of appellant's indictment, trial and conviction for the reason that he was only fifteen years of age, and the record contained no order of certification from the juvenile court to the circuit court.
The circuit judge, upon being apprised of this omission, ordered that the order of certification be added to the record on appeal so that the record would be complete. The record now contains the order of certification signed on February 18, 1967, by J.D. Thames, Judge of the Youth Court of Issaquena County.
In a supplemental assignment of error filed after the waiver order had been added to the record, the appellant again assigned as error that the circuit court lacked jurisdiction because exclusive jurisdiction was, at the time of the indictment, still in the Youth Court of Issaquena County, and further, that the appellant was denied the protection of the due process clause of the Fourteenth Amendment to the Constitution of the United States.
Appellant contends that he was denied due process of law because:
1. The record does not affirmatively indicate that there was a waiver hearing.
2. He was not represented by counsel at the waiver hearing and the record does not reveal a valid waiver of counsel.
3. He was not notified of the time and place of the waiver hearing and of the nature of the charge against him and the record does not reveal a waiver of the statutory notice requirements.
4. The order of the youth court waiving jurisdiction did not include a statement of the reasons for the youth court's decision.
The pertinent part of Section 7185-15 Mississippi Code 1942 Annotated (1952) provides:
"If a child thirteen years of age or older is charged with an offense which would be a felony if committed by an adult, the court, after full investigation, may, in its discretion, retain jurisdiction and proceed with the case as a delinquency case, or certify such child for proper criminal proceedings to any court which would have trial jurisdiction of such an offense if committed by an adult * * *." (Emphasis added)
*843 In the case of Kent v. United States, 383 U.S. 541, 86A S.Ct. 1045, 16 L.Ed.2d 84 (1966), a statute of the District of Columbia, similar in language to the Mississippi statute above quoted, was questioned by the accused. This statute also required full investigation before the case could be transferred from the Juvenile Court of the District of Columbia to the U.S. District Court for the said District. In ruling on the question of waiver of jurisdiction by the juvenile court and transfer to the District Court, the United States Supreme Court said:
"We agree with the Court of Appeals that the statute contemplates that the Juvenile Court should have considerable latitude within which to determine whether it should retain jurisdiction over a child or  subject to the statutory delimitation  should waive jurisdiction. But this latitude is not complete. At the outset, it assumes procedural regularity sufficient in the particular circumstances to satisfy the basic requirements of due process and fairness, as well as compliance with the statutory requirement of a `full investigation.' * * * The statute gives the Juvenile Court a substantial degree of discretion as to the factual considerations to be evaluated, the weight to be given them and the conclusion to be reached. It does not confer upon the Juvenile Court a license for arbitrary procedure. The statute does not permit the Juvenile Court to determine in isolation and without the participation or any representation of the child the `critically important' question whether a child will be deprived of the special protections and provisions of the Juvenile Court Act. * * *" (Id. at 552-53, 16 L.Ed. at 92-93, 86A S.Ct. at 1053) (Emphasis added)
* * * * * *
"Accordingly, we hold that it is incumbent upon the Juvenile Court to accompany its waiver order with a statement of the reasons or considerations therefor. We do not read the statute as requiring that this statement must be formal or that it should necessarily include conventional findings of fact. But the statement should be sufficient to demonstrate that the statutory requirement of `full investigation' has been met; and that the question has received the careful consideration of the Juvenile Court; and it must set forth the basis for the order with sufficient specificity to permit meaningful review.

"Correspondingly, we conclude that an opportunity for a hearing which may be informal, must be given the child prior to entry of a waiver order. * * *" (Id. at 561, 16 L.Ed. at 97, 86A S.Ct. at 1057) (Emphasis added)
The Appendix to the Opinion of the Court in Kent sets forth factors which may be considered by the youth court judge in deciding whether jurisdiction over serious offences should be waived. In Matter of Gault, Minor, 387 U.S. 1, 87A S.Ct. 1428, 18 L.Ed.2d 527 (1967), the United States Supreme Court discusses other questions of interest to youth court judges.
An excellent history of the juvenile court in the United States, together with a discussion of the latest cases construing statutes setting up juvenile courts, is contained in Note, Constitutional Law  Application of Basic Constitutional Guarantees to Juveniles, 39 Miss.L.J. 121 (1967).
In the recent case of In Interest of Long, a Child, 184 So.2d 861 (Miss. 1966), this Court discussed the questions of proper notice to parent and child, and the right to legal counsel in a delinquency hearing. We said:
"In cases wherein a minor is charged with being a delinquent and subject to being deprived of his liberty, we think it only fitting and proper to advise the minor and his parents that they are entitled to legal representation, and that the court in such delinquency proceedings should so advise them." (Id. at 862)
The Mississippi Youth Court Act has enjoyed a long and useful life since its enactment in 1940. Countless youths have benefitted *844 greatly from the careful and kindly administration of its provisions by conscientious and understanding judges ever mindful of the principal purpose of the act, which is to rehabilitate and restore, rather than to punish and destroy.
We are very cognizant of the fact that we deal with a very small percentage, indeed, of the many cases handled by our excellent youth courts. The issues are narrow in the case now before us, and we rule only on those questions specifically raised.
While the waiver order might possibly be construed to contain sufficient facts and reasons to show that a full investigation was made in this case, the order does not affirmatively show that a hearing was had in the presence of the minor and his parent or parents, that the minor was represented by counsel, or that the right to counsel was properly waived.
The waiver order is fatally defective in these respects, and the judgment of the circuit court must be reversed and the case returned to the circuit court with directions to remand it to the youth court for a new determination of waiver after proper notice and hearing.
Judgment reversed and case remanded.
All Justices concur.