235 So.2d 714 (1970)
Charlie WALKER
v.
STATE of Mississippi.
No. 45822.
Supreme Court of Mississippi.
May 25, 1970.
David B. Clark, Brandon & Florence, for appellant.
A.F. Summer, Atty. Gen., by Velia Ann Mayer, Sp. Asst. Atty. Gen., Jackson, for appellee.
ROBERTSON, Justice.
Appellant Charlie Walker, a minor sixteen years of age, was indicted, tried and convicted in the Circuit Court of Rankin County, Mississippi, of the crime of manslaughter. He was sentenced to twelve years in the state penitentiary.
*715 The only error assigned was the overruling by the circuit court of defense counsel's motion to transfer the case to the Youth Court of Rankin County.
On May 16, 1968, Appellant, Charlie Walker, who was a student at Piney Woods School in Rankin County, in an argument over a Kool-Aid jug, stabbed a fellow student, seventeen-year-old Johnny Singleton, one time. Singleton was dead on arrival at the hospital. County Attorney Thomas L. Zebert, on May 16, 1968, swore out an affidavit before Justice of the Peace J.M. May charging Charlie Walker with the murder of Johnny Singleton.
On June 5, 1968, the circuit court appointed Honorable Rufus Broome to defend the appellant at the preliminary hearing. On June 12, 1968, Justice of the Peace May conducted a preliminary hearing and bound over the appellant to await the action of the grand jury. The record is not clear as to when a Petition to the Youth Court to assume jurisdiction was filed, but Zebert testified in the circuit court trial that because of the age of the defendant he did present such a petition to the Chancery Court of Rankin County and "there was an Order entered by Judge Porter in that matter to the effect that this case would be dismissed as a Youth Court case," because the circuit court had exclusive jurisdiction on a charge of murder. Neither the petition nor the order appears in the record.
The grand jury indicted the appellant for manslaughter, thereupon appellant, by written motion, moved the circuit court to transfer the cause to the youth court in view of the defendant's age and the indictment for manslaughter rather than murder. On July 16, 1968, the circuit court overruled the motion to transfer and proceeded with the trial.
This is a matter of first impression in this state. The answer involves a construction of Section 7185-15 Mississippi Code 1942 Annotated (1952) which provides:
"If a child thirteen years of age or older is charged with an offense which would be a felony if committed by an adult, the court, after full investigation, may, in its discretion, retain jurisdiction and proceed with the case as a delinquency case, or certify such child for proper criminal proceedings to any court which would have trial jurisdiction of such an offense if committed by an adult, and may fix the amount of bail, except that the circuit court shall have exclusive jurisdiction of such child if he be charged with any crime which, upon conviction, is punishable by life imprisonment or death." (Emphasis added).
We held in Hopkins v. State, 209 So.2d 841 (Miss. 1968), that the full investigation vouchsafed to a minor in Section 7185-15 was a valuable right. We held that the waiver order of the youth court, certifying the minor for trial by the circuit court, must
"affirmatively show that a hearing was had in the presence of the minor and his parent or parents, that the minor was represented by counsel, or that the right to counsel was properly waived." Id. at 844.
We have also held that Section 27 of the Mississippi Constitution of 1890 proscribes the trial of an accused for a felony without indictment. Ellis v. State, 203 Miss. 330, 33 So.2d 837 (1948), and State v. Sansome, 133 Miss. 428, 97 So. 753 (1923).
The answer to the question of whether the motion to transfer to the youth court should have been sustained hinges upon the meaning of the word "charged" in Section 7185-15.
In view of the fact that the circuit court does not have jurisdiction to try an accused for a felony until after indictment by the grand jury, it is our opinion that there was no formal, fixed and definite charge against the appellant in this case until the grand jury acted. The grand jury returned an indictment for manslaughter, which would not automatically *716 confer exclusive jurisdiction on the circuit court.
We feel that the circuit court, keeping in mind the principal purpose of the Youth Court Act, which is to rehabilitate and restore, rather than to punish and destroy, should have sustained the motion to transfer to the Rankin County Youth Court. After full investigation, the youth court, in its sound discretion, could either retain jurisdiction and proceed with the case as a delinquency case or certify the appellant for trial to the circuit court.
We must reverse this conviction and return this cause to the circuit court with directions to remand it to the youth court for a determination of waiver after proper notice and hearing.
Reversed and remanded.
All Justices concur.