260 So.2d 436 (1972)
Harold Wayne JOHNSON
v.
STATE of Mississippi.
No. 46727.
Supreme Court of Mississippi.
March 27, 1972.
Louie Bishop, Waynesboro, for appellant.
*437 A.F. Summer, Atty. Gen. by Guy N. Rogers, Asst. Atty. Gen. and Karen Gilfoy, Sp. Asst. Atty. Gen., Jackson, for appellee.
JONES, Justice:
This case comes from the Circuit Court of Wayne County, where the appellant, an eighteen-year-old boy, was convicted of possession of lysergic acid diethylamide, commonly referred to as LSD. He was sentenced to serve a term of two years in the penitentiary. We are affirming as to guilt but reversing and remanding to the Circuit Court of Wayne County for the infliction of a penalty for a misdemeanor.
A young boy reported to the officers and made affidavit that the appellant had delivered to him some of this drug. Subsequently, appellant was indicted for the possession of LSD and, as aforesaid, was convicted thereof.
It is argued that the appellant was arrested without a warrant for arrest, and that the State failed to prove probable cause.
The facts relative to the arrest were that the sheriff was present at the mayor's office with the chief of police, the mayor, and the young boy who made the affidavit. (The sheriff personally observed the making of the affidavit and the issuance of the warrant.) The chief of police took the warrant and departed in one direction, and the sheriff went in another direction. The sheriff arrested the appellant where his father worked and informed him of the cause of his arrest. As appellant and the sheriff were walking down the aisle and came near appellant's father, the appellant whirled and ran to his father, transferring a bottle from his pocket to his father's pocket. This was seen by the sheriff who took from the father's pocket an Excedrin bottle in which the LSD had been kept by the appellant.
We consider this question answered by Section 2470 Mississippi Code 1942 Annotated (Supp. 1971), which obviates proof of probable cause, and reads, in part, as follows:
Any law enforcement officer may arrest any person on a misdemeanor charge without having a warrant in his possession when a warrant is in fact outstanding for that person's arrest and the officer has knowledge through official channels that the warrant is outstanding for that person's arrest. In all such cases, the officer making the arrest must inform such person at the time of the arrest the object and cause therefor. If the person arrested so requests, the warrant shall be shown to him as soon as practicable.
It is alleged that there were no jurors within the age group of appellant (18-20) on either the grand jury or the petit jury. It is argued that because this age group has been permitted by amendment to the United States Constitution to register and vote, they should be on the jury lists. Our Legislature has prescribed qualifications for jurors in Section 1762 Mississippi Code 1942 Annotated (Supp. 1971); and as a part thereof is the requirement that jurors be twenty-one years of age or older. The fact that the Constitution of the United States was amended by Amendment XXVI does not qualify persons under twenty-one years of age as jurors under State laws.
Appellant says that he was prejudiced and that it was reversible error for the district attorney to ask of one of the witnesses the following question: "Mayor Joiner, I ask you, sir, if you know the general reputation of the defendant, Harold Wayne Johnson, in the community in which he resides, as a law abiding citizen and a dealer in drugs?" Objection was made and sustained to this question, and the jury admonished to disregard it. We do not think that this was such an error as would require reversal. We do not believe a miscarriage of justice was caused thereby, and Rule 11 of this Court states:
No judgment shall be reversed on the ground of misdirection to the jury, or *438 the improper admission or exclusion of evidence, or for error as to the matter of pleading or procedure, unless it shall affirmatively appear, from the whole record, that such judgment has resulted in a miscarriage of justice.
Appellant also urges that a statement by the sheriff on cross-examination by appellant's attorney constituted reversible error. Appellant's attorney was cross-examining the sheriff as to whether he had previously arrested the appellant. The answer was that appellant had been arrested on one occasion for driving recklessly. Then followed the following questions and answers:
Q. Is that the only occasion?
A. The only time that I actually stopped him, Mr. Bishop, yes, sir.
Q. And you say he has a bad reputation because he was speeding?
A. No, I didn't say that.
Q. To your knowledge, do you remember telling me the other day, Mr. Sheriff, to your knowledge that this boy had never been into anything other than on this one occasion?
A. That's right, but do you remember me telling you, Mr. Bishop, he had been accused of fooling with drugs on other 
We think this answer, while improper, was elicited by appellant's attorney and appellant cannot complain thereof.
It is argued that the court did not permit the appellant to present his defense. This is said because the appellant claimed he was holding the LSD for another man and he wanted to go into details about this other man's life and conduct. Objection was sustained, and we think rightfully so.
It is argued that the appellant should have been sentenced as for a misdemeanor, and with this contention we agree.
Mississippi's Act on Controlled Drugs (Section 6831-70 Mississippi Code 1942 Annotated (Supp. 1971)) provides, relative to penalties, as follows:
(a) Except as authorized by this act, it is unlawful for any person to manufacture, deliver, or possess a controlled substance.
Any person who violates this subsection with respect to: ...
(2) Any other controlled substance classified in Schedule I, II, or III, as set out in Sections 7, 8, and 9 [§§ 6831-57 through 6831-59] of this act, is guilty of a felony and upon conviction may be imprisoned for not more than four (4) years, or fined not more than Two Thousand Dollars ($2,000.00), or both;
......
(c) It is unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this act. Any person who violates this subsection is guilty of a misdemeanor and upon conviction, may be confined for not more than six (6) months, or fined not more than Five Hundred Dollars ($500.00), or both. ... (Emphasis added).
LSD is included in Schedule I. Therefore, the above sections are in direct conflict as to the penalty to be inflicted. One section says possession of LSD is a felony; the other provides that possession of LSD is a misdemeanor. In this situation, we can only invoke the rule used in Grillis v. State, 196 Miss. 576, 17 So.2d 525 (1944), where Grillis was indicted for an attempt to violate either of two sections of the Mississippi Code. The punishment under one section was as for a felony and under the other as for a misdemeanor. Judge Griffith, in deciding this issue, said:
We have examined the other assignments and find no reversible error except *439 that we are of the opinion that appellant's point that he was sentenced under the wrong statute is well taken and must be sustained. (196 Miss. at 585, 17 So.2d at 527).
The case, then, is one for the application of the rule that when the facts which constitute a criminal offense may fall under either of two statutes, or when there is substantial doubt as to which of the two is to be applied, the case will be referred to the statute which imposes the lesser punishment. See cases cited 24 C.J.S. Criminal Law § 1979, p. 1193, under Note 75. And under the attempt statute Section 793, Code 1930, Section 2017, Code 1942, no greater punishment may be administered than that prescribed for the actual commission of the offense attempted. (196 Miss. at 586, 17 So.2d at 527).
We apply the rule as stated in the Grillis case, affirm the conviction, vacate the sentence, and remand to the circuit court for re-sentencing under Section (c) heretofore quoted.
Affirmed in part, reversed in part, and remanded for proper sentence.
All Justices concur except SUGG, J., who dissents only as to part regarding punishment.
SUGG, Justice (dissenting):
I concur in the majority opinion except for the construction of Section 6831-70, Mississippi Code 1942 Annotated (Supp. 1971).
In my opinion the case of Grillis v. State, 196 Miss. 576, 17 So.2d 525 (1944), contains a correct statement of the law, but does not apply to the statute involved because the legislative intent, when determined by applicable rules of statutory construction, gives trial judges a wide discretion in inflicting punishment on persons convicted under the provisions of the statute.
In Grillis, supra, the Court held that the indictment charged elements in both sections 2336 and 2338 of the Mississippi Code 1942 Annotated (1956) and stated:
The indictment was evidently drawn in an effort to make it come under either of these sections, and neither of them is specifically referred to in the indictment... . (196 Miss. at 585, 17 So.2d at 527).
In Grillis, supra, the Court was dealing with an indictment that attempted to charge a crime under separate statutes enacted at different times rather than a single statute that authorized different punishment.
I am of the opinion that the statute as written authorizes, in the case of possession of a controlled substance not a counterfeit substance, sentence under either subsection (a) or subsection (c), supra, at the discretion of the trial judge.
It is noted that subsection (a), supra, provides that it is unlawful for any person to "manufacture, deliver, or possess a controlled substance."
Subsection (a) then provides for punishment in four separate sections as follows:
In paragraph No. 1 for controlled substances listed in Schedule I or II which is a narcotic drug, the penalty is imprisonment for not more than 6 years or by fine of not more than $2,000.00, or both.
In paragraph No. 2 the penalty for controlled substances classified in Schedules I, II, or III is limited to imprisonment for not more than 4 years, or fine of not more than $2,000.00, or both.
In paragraph No. 3 the penalty for substances classified in Schedule IV is limited to imprisonment for not more than 2 years, or fine of not more than $1,000.00, or both.
In paragraph No. 4 manufacture, delivery or possession of a substance classified in Schedule V is defined as a misdemeanor *440 with punishment limited to confinement for not more than 6 months, or fine of not more than $500.00, or both.
Under paragraphs numbered 1, 2 and 3, although a violation is defined as a felony, the trial judge may, in his discretion, punish by a fine only.
Subsection (c) then defines possession as a misdemeanor and limits punishment to confinement for not more than 6 months, or fine of not more than $500.00, or both.
It is noted that subsection (c) is limited to simple possession and the reduced punishment authorized by it does not apply to persons who might be convicted of manufacturing or delivering a controlled substance.
Thus it appears that, from an analysis of the statute, it was the intention of the Legislature to give the trial judge wide discretion in inflicting punishment under either subsection (a) or (c), supra, where the charge is simple possession.
It is a well recognized doctrine that criminal statutes are to be strictly construed and as noted in United States v. Hood, 343 U.S. 148, 151, 72 S.Ct. 568, 570, 96 L.Ed. 846, 849, (1952) the Court stated:
It is pressed upon us that criminal statutes are to be strictly construed. But this does not mean that such legislation `must be construed by some artificial and conventional rule'. United States v. Union Supply Co., 215 U.S. 50, 55, 30 S.Ct. 15, 16, 54 L.Ed. 87. We should not read such laws so as to put in what is not readily found there. But equally we should not read out what as a matter of ordinary English speech is in. (Emphasis supplied.)
Applying the rule of construction stated above, we should not read out of Section 6831-70, supra, subsection (a), which authorizes imprisonment for not more than 4 years as a punishment for possession of lysergic acid diethylamide (LSD) listed in Schedule I of the Act.
We have many criminal statutes that authorize punishment by fine or imprisonment in the county jail or by imprisonment in the penitentiary at the discretion of the trial court. One example is Section 2233, Mississippi Code of 1942 Annotated (1956), which prescribes the punishment for manslaughter as follows:
Any person convicted of manslaughter shall be fined in a sum not less than five hundred dollars, or imprisoned in the county jail not more than one year, or both, or in the penitentiary not less than two years, nor more than twenty years.
This Court held in Lester v. State, 209 Miss. 171, 46 So.2d 109 (1950), and McCaffrey v. State, 185 Miss. 659, 187 So. 740 (1939), that the circuit judge has wide discretion in inflicting punishment on persons convicted of the crime of manslaughter.
Sections 2242, 2243 and 2257.5 Mississippi Code 1942 Annotated (Supp. 1971) are other examples of crimes where the trial judge is given the discretion of inflicting punishment either by fine, or by imprisonment in the county jail, or both, or by imprisonment in the penitentiary.
This Court, in the case of Bellew v. State, 238 Miss. 734, 750, 751, 106 So.2d 146, 153 (1958) in construing Section 2142.5 of the Mississippi Code 1942 Annotated (1956) stated:
[1] The first point argued by the appellants' attorneys as ground for reversal of the judgment of the lower court is that Section 2142.5, Code of 1942, the statute under which the indictment was returned, is unconstitutional for the reason that it contains two subject matters and prescribes punishment for a misdemeanor and a felony in one statute. But we think there is no merit in that contention.
"Crimes are classified by some statutes according to the punishment actually imposed. Some courts have declared that where a crime may be punished as a misdemeanor *441 or as a felony, it will be considered to be a misdemeanor only. * * * In a majority of jurisdictions, however, when the court or the jury is given the discretion to fix the punishment for an offense by imprisonment in the penitentiary, fine or by confinement in jail, such an offense is held to be a felony regardless of the penalty actually imposed." 14 Am.Jur. 763, Criminal Law, par. 13.
[2] This Court has adopted the majority rule that, when the court or the jury is given the discretion to fix the punishment for an offense by imprisonment in the penitentiary, or by fine or confinement in the county jail, such an offense is held to be a felony regardless of the penalty actually imposed. State v. Sansome, 133 Miss. 428, 97 So. 753; Ellis v. State, 203 Miss. 330, 33 So.2d 837.
Emphasis is placed on the fact that subsection (c), supra, defines simple possession as a misdemeanor, but there is authority that statutory nomenclature does not necessarily determine the grade or class of a crime. 21 Am.Jur.2d, Criminal Law, § 20, p. 104 (1965).
On the other hand, there is authority for the view that statutory nomenclature does not necessarily determine the grade or class of a crime. It has been said that it is the nature of the offense and the penalty which is imposed by the law that determines whether it is a misdemeanor or felony, and not the mere name which the legislature may attach to it.
See, also, State v. Kelly, 218 Minn. 247, 15 N.W.2d 554 (1944), 162 A.L.R. 477 and In re Rogers, 20 Cal. App.2d 397, 66 P.2d 1237 (1937).
Because of the apparent conflict in subsections (a) and (c), supra, the Court is justified in holding that the statute is ambiguous or doubtful. We must then turn to the rules of statutory construction announced by this Court as an aid in the construction of the statute.
In McCullen v. State, 217 Miss. 256, 270, 271, 272, 63 So.2d 856, 861 (1953) the rules for statutory construction and determining the intent of the Legislature were summarized as follows:
In reaching this decision there are certain well recognized rules of statutory construction which are to be considered, some of which we shall state. "In construing statutes, not only the language but the purpose and policy which the Legislature has in view must be considered, and the Court in construing a statute will give effect to such purpose and policy, though the interpretation may go beyond the letter of the law. Smith v. Chickasaw County, 156 Miss. 171, 125 So. 96, 705." Sheffield v. Reece, Sheriff, 201 Miss. 133, 143, 28 So.2d 745, 749. "In construing statutes, the chief desire of the courts is to reach the real intention of the Legislature, and knowing this to adopt that interpretation which will meet the real meaning though such interpretation may be beyond or within, wider or narrower, than the mere letter of the statute. Unthought of results must be avoided if possible, especially if injustice follows, and unwise purpose will not be imputed to the Legislature when a reasonable construction is possible." Zeigler v. Zeigler, 174 Miss. 302, 310, 164 So. 768, 770. "Legislative intent as an aid to statutory construction, although often elusive to the perception of unaided vision, remains nevertheless the pole star of guidance." Quitman County v. Turner, 196 Miss. 746, 759, 18 So.2d 122, 124. "The court in construing a statute must seek the intention of the Legislature, and, knowing it, must adopt that interpretation which will meet the real meaning of the Legislature." Beard v. Stanley, 205 Miss. 723, 732, 39 So.2d 317, 319. "In the construction of a statute, the object is to get at its spirit and meaning  *442 its design and scope; and that construction will be justified which evidently embraces the meaning and carries out the object of the law, although it is against the letter and the grammatical construction of the act." Ott v. State ex rel. Lowery, 78 Miss. 487, 500, 29 So. 520, 521. "`In construing a statute to give effect to the intent or purpose of the legislature, the object of the statute must be kept in mind, and such construction placed upon it as will, if possible, effect its purpose, and render it valid, even though it be somewhat indefinite.'" Thornhill v. Ford, 213 Miss. 49, 65, 56 So.2d 23, 30. "Words or phrases may, however, be supplied by the courts and inserted in a statute, where that is necessary to obviate repugnancy and inconsistency in the statute, complete the sense thereof, and give effect to the intention of the legislature manifested therein. The rule prevails where words have been omitted from a statute through clerical error, or by accident or inadvertence. The rule is especially applicable where such application is necessary to prevent the law from becoming a nullity." 50 Am.Jur., Statutes, Sec. 234, pp. 222-223. "Notwithstanding the general rule against the enlargement or extension of a statute by construction, the meaning of a statute may be extended beyond the precise words used in the law, and words or phrases may be altered or supplied, where this is necessary to prevent the law from becoming a nullity." 50 Am.Jur., Statutes, Sec. 357, p. 361. (Emphasis supplied.)
Taking the above rules of construction of statutes into consideration, it is clear that the intent of the Legislature was to permit one guilty of possession of controlled substances to be punished either under subsection (a), supra, or under the lesser punishment of subsection (c), supra. As stated in McCullen, words or phrases may be supplied by the courts and inserted in a statute where necessary to obviate repugnancy and inconsistency in the statute and to complete the sense thereof so as to give effect of the intention of the Legislature manifested therein.
Although I do not believe it necessary to supply words or phrases to complete the sense of the statute or to give effect to the intention of the Legislature, such should be done rather than write out of the statute the punishment prescribed in subsection (a), supra, with reference to possession of controlled substances.
As stated in Hood, supra, "We should not read out what as a matter of ordinary English speech is in."
For the reasons stated, I dissent.