INZER, Justice:
Appellant Michael Jon Vanderlin was indicted, tried and convicted in the Circuit Court of Lee County on a charge of possession of marijuana. He was sentenced to serve a term of three years in the State Penitentiary with eighteen months of the sentence suspended. From this conviction and sentence he appeals. We reverse and remand.
Appellant, along with Robert Massage, was arrested by the City Police in Tupelo on a charge of carrying a concealed weapon. When they were searched at the police station a “sheepskin-like bag” was taken from appellant. In the bag the officers found two pipes, two pipe holders, a three inch needle, and two alligator clips.
Later the officers secured a search warrant and searched the motel room occupied by appellant and Massage. There the offi *312 cers found about 105 grams of a substance determined to be marijuana, along with paraphernalia used in the smoking of marijuana. When appellant was confronted by the officers with the results of their search he admitted that the marijuana found in the room belonged to him and Massage and that they had it for their own use.
The items taken from appellant at the police station, along with the substance found in the motel room, were sent to the crime laboratory and there it was determined that the pipes had been used to smoke marijuana and that there was a residue of marijuana still present in the pipes. The examiner also found a particle of marijuana in the eye of the needle and that the alligator clips had been used as holders for smoking marijuana cigarettes. The substance found in the room was also determined to be marijuana.
Appellant did not contend in the trial court and does not contend here that the arrest and resulting search were unlawful, but does contend that the search of the motel room was unlawful because of an improper search warrant. Appellant also contends that his admission that the marijuana found in the motel room belonged to him and Massage was not admissible because the admission was obtained as a result of the unlawful search.
The state in its brief correctly concedes that the affidavit for the search warrant to search the motel room did not meet the requirements necessary for the magistrate to find probable cause for the search. The evidence obtained as a result of the search, therefore, was not admissible. However, the state urges that the admission of this evidence was harmless error because the evidence shows without contradiction that appellant was in possession of a minute amount of marijuana at the time of his arrest. After a careful consideration of the evidence in this case, we cannot say beyond a reasonable doubt that the admission of the fruits of the unlawful search of the motel room was harmless error. Under the- doctrine announced by the Supreme Court of the United States in Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), it was error to admit in evidence the admission of the appellant that the marijuana found as a result of the unlawful search belonged to him.
For the reasons stated, this case must be and is reversed and -remanded. If and when appellant is retried, he must be tried for a misdemeanor in accordance with Johnson v. State, 260 So.2d 436 (Miss. 1972).
Reversed and remanded.
GILLESPIE, C. J., and JONES, BRADY and SUGG, JJ., concur.