386 So.2d 200 (1980)
Willie JEFFERSON
v.
STATE of Mississippi.
No. 51836.
Supreme Court of Mississippi.
July 30, 1980.
*201 Morris & Pritchard, Charles E. Morris, Jr., Biloxi, for appellant.
Bill Allain, Atty. Gen. by Carolyn B. Mills, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, P.J., and WALKER and BOWLING, JJ.
BOWLING, Justice, for the Court:
Appellant was indicted, tried and convicted in the Circuit Court of the Second Judicial District of Harrison County for the crime of breaking and entering the dwelling house of Mrs. Buelah Ann Pickens, in the night time, while occupied by her, armed with a deadly weapon, with intent to commit the crime of rape. There was a co-indictee listed. The indictment obviously was under the provisions of Mississippi Code Annotated section 97-17-23 (1972). Appellant assigns as error, the following:
1. The lower court committed reversible error in allowing testimony of prior crimes committed by the appellant, other than the one that he was indicted for.
2. The verdict was contrary to the overwhelming weight of the evidence and the applicable law.
3. The lower court committed reversible error in not directing a verdict for the appellant, in that this was a weak circumstantial evidence case, and there being no corroboration of complaining witness.
4. The original indictment is defective in that it charges two separate and distinct crimes, attempted rape not being a substantive offense of burglary.
It should be noted at the outset that appellant's primary defense was an alibi. Two witnesses placed him approximately 200 miles from the scene of the alleged crime a few hours prior to and after the incident occurred. The primary witness for the state was Buelah Ann Pickens, who resided in Biloxi, Mississippi, with her three small children. She testified that during the early morning hours of August 24, 1978, she awoke to find two men sitting on her bed, one had a knife and attempted to place a pillow over her face, and both attempted to remove her nightgown. Mrs. Pickens had a pistol under her pillow, which she managed to secure and shoot the co-indictee in the shoulder. This person ran from the room. The other man fought with Mrs. Pickens for possession of the gun. He finally took it from her and carried it with him out of the residence. She testified that she found a window fan had been removed and the window opened; that she was hysterical and screamed out the window for help from her neighbors. The police arrived shortly thereafter.
Mrs. Pickens positively identified the appellant as the assailant who tried to place the pillow over her face, and who took the gun from her.
A Biloxi police officer testified that he interviewed the co-indictee at a local hospital where he was being treated for a bullet wound in the shoulder.
A detective for many years with the Biloxi Police Department testified regarding *202 a photographic lineup of persons of a similar age, sex and race as appellant, and that Mrs. Pickens readily selected appellant as the assailant she was not able to shoot.
After the defense introduced testimony of the two alibi witnesses, the state, in rebuttal, called three witnesses. The first witness testified that he lived in an apartment in the same four-apartment building with appellant and his family; that he was awakened in the early morning hours by a policeman who was looking for appellant. Upon receiving directions as to which apartment appellant lived in, the policeman knocked on the door but received no response. After the policeman left, the witness testified that he saw appellant's mother signal him from the apartment window; that appellant came from across the street, placed two suitcases in a car, and left hurriedly.
The police officer referred to above testified and corroborated the witness' testimony regarding his visit to appellant's apartment.
Another Biloxi policeman testified that he and his partner were on patrol in an area in Biloxi after midnight on the morning in question and saw appellant with others on the street. He testified that he knew appellant well.
Regarding the first assignment of error, that is, that testimony was allowed concerning prior crimes of appellant, the testimony of Mrs. Pickens revealed that she had been raped only once in her life and that was by appellant a few weeks prior to the incident hereinabove related. It is contended that the introduction of this testimony was error. In discussing this point, we need to point out in fairness that the attorney for appellant in the appeal before this Court did not participate in the trial of the case in the court below. The record is abundantly clear that the attorney for appellant was the one who brought out the testimony regarding the prior crime and this was done even after cautionary warning by the court and the state. On voir dire examination, appellant's attorney entered into questions and answers with a prospective juror regarding the prior charge against appellant. Of course, the entire panel heard this inquiry instigated by appellant's attorney. The prosecuting attorney than warned appellant's attorney that the prosecution was not going to bring out appellant's record during the trial and warned him "not to open the door." Even after this warning, appellant's attorney, on cross-examination of Mrs. Pickens, "opened the door" and interrogated the witness about the prior occasion of her involvement with appellant. Of course, the prosecution then developed that point in greater detail.
In regard to this assignment of error, it was not listed in appellant's motion for a new trial, and, therefore, not presented to the trial court. It is elemental that errors cannot be raised in this Court for the first time on appeal. However, we fully consider the assignment and hold that the alleged error does not require or justify a reversal of the cause for the reason that it clearly was injected into the case by appellant's attorney. To hold otherwise would give every accused a means of securing a reversal. Simpson v. State, 366 So.2d 1085 (Miss. 1979); Johnson v. State, 260 So.2d 436 (Miss. 1972).
Assignments of error Nos. 2 and 3 may be considered together. There was abundant evidence for the jury to return a guilty verdict. As above discussed, the testimony of Mrs. Pickens was positive and direct as to the occurrence and the identity of appellant. As stated, she knew him personally and he was not disguised in any manner. The testimony in contradiction to the two alibi witnesses was ample for the jury to disbelieve them. Appellant was seen leaving his place of abode shortly after the occurrence and at the beginning of the police investigation. According to one witness, he was seen on the streets of Biloxi between the hours of twelve midnight and three o'clock a.m.
There is no merit to the final assignment of error. In the first place, this assignment *203 was not included in the motion for a new trial, nor was it ever presented to the trial court either prior to or during the trial. Nevertheless, we consider it and find that the language of the indictment clearly conforms to the statute under which appellant was co-indicted. The statute (Code section 97-17-23) clearly sets out that the accused should be proved to have broken and entered the dwelling house of another with intent to commit some crime therein. The indictment charged that this intended crime was rape. The positive testimony of Mrs. Pickens amply justified a finding that this crime was intended by appellant.
We find no reversible error in the cause and it is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.