¶ 1. On December 19, 2002, Jordan Kyle Smith, a minor, by and through his natural mother and next friend, Stephanie Smith, filed a complaint against Dr. G. Edward Bryant, Jr., West Memphis Eye Center, P.S., Gilmore Memorial Hospital, Inc., Gilmore Health Care Systems, Inc., John Doe, Jane Doe and ABC Corporation in the Circuit Court of Monroe County. Smith alleged that the standard of care was breached during an operative procedure performed upon Jordan Kyle Smith. On July 29, 2004, Smith's claim against Dr. Bryant and West Memphis Eye Center, P.A. was dismissed. Gilmore filed a motion for summary judgment on May 20, 2004, and after a hearing on the matter, the Circuit Court of Monroe County granted said motion on January 19, 2005. Finding that the trial court abused its discretion in dismissing this action, we reverse and remand.
 FACTS ¶ 2. On March 28, 2001, Jordan Smith, a two-year-old minor, was admitted to Gilmore Hospital to undergo a surgical eye repair by Dr. Bryant. Shirley Phillips was the nurse for the operating room that day. By admitted human error, Dr. Bryant made an incision on the left eye instead of the right eye. After this incision was made, Dr. Bryant directed Phillips to call and confirm with Stephanie Smith (Smith), Jordan's mother, the correct eye for the operation. Smith asked Phillips if anything was wrong and she said that everything was fine. Dr. Bryant continued operating on the right eye, which was the correct one. After the surgery, Dr. Bryant discussed the mistake with Smith. As a result of this mistake, Jordan's left eye was swollen for a couple of weeks; however, he had no further problems. On December 19, 2002, Smith, on behalf of her minor son, Jordan, filed a complaint against Dr. Bryant, West Memphis Eye Center and Gilmore Memorial Hospital. On July 29, 2004, after Dr. Bryant admitted human error, Dr. Bryant and West Memphis Eye Center settled and were dismissed from the action. Gilmore filed a motion for summary judgment on May 20, 2004. On December 2, 2004, the trial court heard arguments from both sides on this motion for summary judgment and as a result granted summary judgment on January 19, 2005. Aggrieved by the trial court's ruling, Smith appeals to this Court raising the following six issues:
 I. WHETHER OR NOT EXPERT TESTIMONY IS REQUIRED TO PROVE THAT IT IS NEGLIGENCE FOR THE NURSE TO LIE TO THE MOTHER UNDER THESE CIRCUMSTANCES, OR WHETHER OR NOT THIS IS CLEARLY A CASE WHERE THE LAYMAN'S EXCEPTION APPLIES.
 II. WHETHER OR NOT IT IS GROSS NEGLIGENCE FOR A NURSE TO INTENTIONALLY LIE TO A MINOR PATIENT'S MOTHER BY TELLING HER EVERYTHING IS FINE AFTER THE MOTHER SPECIFICALLY ASKED HER ABOUT THE CHILD'S WELFARE AND THE NURSE HAD JUST WITNESSED THE DOCTOR COMMITTING AN ASSAULT AND BATTERY ON THE CHILD BY OPERATING ON THE WRONG EYE.
 III. WHETHER OR NOT UNDER THE CAPTAIN OF THE SHIP DOCTRINE IT IS OKAY FOR A SURGICAL NURSE, AFTER HAVING *Page 247 
BEEN TOLD BY THE SURGEON NOT TO TELL THE MOTHER HE HAD OPERATED ON THE WRONG EYE, TO LIE TO THE MINOR CHILD'S MOTHER BY TELLING THE MOTHER EVERYTHING IS FINE, AFTER THE DOCTOR HAD, IN THE NURSE'S PRESENCE, JUST OPERATED ON THE CHILD'S WRONG EYE (ASSAULT AND BATTERY) AND THERE WAS NO EMERGENCY.
 IV. WHETHER OR NOT IT IS A DEVIATION FROM NURSING STANDARDS OF CARE TO LIE TO A MINOR CHILD'S MOTHER, AFTER INQUIRY BY THE MOTHER IF EVERYTHING IS OKAY, BY TELLING THE MOTHER EVERYTHING IS FINE AFTER HAVING JUST WITNESSED THE SURGEON, WHOM THE NURSE WAS ASSISTING, COMMIT AN ASSAULT AND BATTERY ON THE MINOR CHILD BY OPERATING ON THE WRONG EYE OF THE CHILD.
 V. WHETHER OR NOT CONSENT TO OPERATE ON ONE PART OF A PERSON'S BODY IS AUTOMATICALLY REVOKED IF THE DOCTOR COMMITS AN ASSAULT AND BATTERY ON THAT PERSON BY FIRST OPERATING ON ANOTHER PART OF THAT PERSON'S BODY IN THE ABSENCE OF AN EMERGENCY.
 VI. WHETHER OR NOT THE MINOR CHILD SUSTAINED ANY DAMAGES AS A RESULT OF THE LIE THE NURSE TOLD TO THE MINOR'S MOTHER.
 LEGAL ANALYSIS I. WHETHER OR NOT EXPERT TESTIMONY IS REQUIRED TO PROVE THAT IT IS NEGLIGENCE FOR THE NURSE TO LIE TO THE MOTHER UNDER THESE CIRCUMSTANCES, OR WHETHER THIS IS CLEARLY A CASE WHERE THE LAYMAN'S EXCEPTION APPLIES.
 ¶ 3. Smith asserts that expert testimony is not needed to prove that a hospital breached its duty of care owed to a patient when a nurse, after observing a doctor's mistake, did not reveal that mistake to the minor patient's mother when the mother asked if everything was alright. Gilmore takes the position that Smith needed expert testimony in order to articulate the requisite standard of care under these circumstances.
 STANDARD OF REVIEW ¶ 4. This Court follows a de novo standard of review of a trial court granting summary judgment. Mozingo v.Scharf, 828 So.2d 1246, 1249 (¶ 5) (Miss. 2002);Owens v. Thomae, 904 So.2d 207, 208 (¶ 7) (Miss.Ct.App. 2005). Summary judgment is proper when there are no issues of material fact and the movant is entitled to a judgment as a matter of law. Id.
 DISCUSSION ¶ 5. After Dr. Bryant formed an incision on Jordan's left eye, he had Phillips phone the mother in the waiting room to ask on which eye he was supposed to operate. Smith told Phillips the right eye and asked if everything was alright. Phillips responded that everything was fine. To prevail in a claim based upon the negligence of the hospital or the hospital's employees, the plaintiff must satisfy four requirements: (1) must show that the hospital had a duty to act in accord with the standard of care in order to prevent injury; (2) must show the hospital's failure to meet this standard of care; (3) must prove that the hospital's breach of duty caused the injury; and (4) must prove *Page 248 
that the plaintiff suffered actual harm from the hospital's negligent conduct. Boyd v. Lynch, 493 So.2d 1315, 1319
(Miss. 1986). "Mississippi case law demands that `in a medical malpractice action, negligence cannot be established without medical testimony that the defendants failed to use ordinary skill and care'." Travis v. Stewart, 680 So.2d 214, 218
(Miss. 1996). However, the Mississippi Supreme Court has ruled that in a medical malpractice action a layman may give testimony regarding purely factually matters thus avoiding summary judgment. Kelley v. Frederic, 573 So.2d 1385, 1388
(Miss. 1990).
 ¶ 6. An expert witness is one whose testimony is about "scientific, technical or other specialized knowledge . . ." M.R.E. 702. The general rule in Mississippi is that expert testimony is not required where the facts surrounding the alleged negligence are easily comprehensible to a jury.Hammond v. Grissom, 470 So.2d 1049, 1053 (Miss. 1985). In the present case, no expert is needed to explain this issue to the jury. Through depositions of the doctor, the nurse and the mother, Smith has produced enough evidence for the jury to determine that Phillips did not tell Jordan's mother about the first incision when she was asked if everything was alright. The jury has the job of deciding if the hospital breached its duty by Phillips not telling Smith about the first incision. This is a negligence case where there is no evidence needed that require special skills, knowledge, learning or experience.Lovett v. Bradford, 676 So.2d 893, 895 (Miss. 1996). Only lay testimony is needed to establish things which are purely factual in nature or within the common knowledge of laymen. Drummond v. Buckley, 627 So.2d 264, 268
(Miss. 1993). This is a factual determination of whether or not it was negligent for Phillips to not tell Jordan's mother of the incision on the wrong eye. It is not the duty of this Court, but the duty of the jury to make this factual determination. Therefore, summary judgment was inappropriate in the present case.
 II. WHETHER OR NOT IT IS GROSS NEGLIGENCE FOR A NURSE TO INTENTIONALLY LIE TO A MINOR PATIENT'S MOTHER BY TELLING HER EVERYTHING IS FINE AFTER THE MOTHER SPECIFICALLY ASKED HER ABOUT THE CHILD'S WELFARE AND THE NURSE HAD JUST WITNESSED THE DOCTOR COMMITTING AN ASSAULT AND BATTERY ON THE CHILD BY OPERATING ON THE WRONG EYE.
 III. WHETHER OR NOT UNDER THE CAPTAIN OF THE SHIP DOCTRINE IT IS OKAY FOR A SURGICAL NURSE, AFTER HAVING BEEN TOLD BY THE SURGEON NOT TO TELL THE MOTHER HE HAD OPERATED ON THE WRONG EYE, TO LIE TO THE MINOR CHILD'S MOTHER BY TELLING THE MOTHER EVERYTHING IS FINE, AFTER THE DOCTOR HAD, IN THE NURSE'S PRESENCE, JUST OPERATED ON THE CHILD'S WRONG EYE (ASSAULT AND BATTERY) AND THERE WAS NO EMERGENCY.
 IV. WHETHER OR NOT IT IS A DEVIATION FROM NURSING STANDARDS OF CARE TO LIE TO A MINOR CHILD'S MOTHER, AFTER INQUIRY BY THE MOTHER IF EVERYTHING IS OKAY, BY TELLING THE MOTHER EVERYTHING IS FINE AFTER HAVING JUST WITNESSED THE SURGEON, WHOM THE NURSE WAS ASSISTING, COMMIT AN ASSAULT AND BATTERY ON THE MINOR CHILD BY OPERATING *Page 249 
ON THE WRONG EYE OF THE CHILD.
 V. WHETHER OR NOT CONSENT TO OPERATE ON ONE PART OF A PERSON'S BODY IS AUTOMATICALLY REVOKED IF THE DOCTOR COMMITS AN ASSAULT AND BATTERY ON THAT PERSON BY FIRST OPERATING ON ANOTHER PART OF THAT PERSON'S BODY IN THE ABSENCE OF AN EMERGENCY.
 VI. WHETHER OR NOT THE MINOR CHILD SUSTAINED ANY DAMAGES AS A RESULT OF THE LIKE THE NURSE TOLD TO THE MINOR'S MOTHER.
 DISCUSSION ¶ 7. The issues two through six were not raised before the trial court, and therefore, are procedurally barred and this Court will not address them. Coleman v. State,772 So.2d 1101, 1103 (¶ 8) (Miss.Ct.App. 2000). The issue of gross negligence was a count in Smith's complaint, however, it only applied to Dr. Bryant who has admitted error and settled this case. The Mississippi Supreme Court has repeatedly held that only jurisdictional matters may be raised for the first time on appeal. Patterson v. State, 594 So.2d 606, 609
(Miss. 1992). See also Colburn v. State, 431 So.2d 1111,1114 (Miss. 1983). This Court cannot hold the trial judge to an error on an issue which was not presented to him for decision.Ponder v. State, 335 So.2d 885, 886 (Miss. 1976).See also Jefferson v. State, 386 So.2d 200, 202 (Miss. 1980).
 ¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF MONROECOUNTY IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS. ALLCOSTS OF THIS APPEAL ARE TAXED TO THE APPELLEES.
KING, C.J., LEE, P.J., GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR. CHANDLER, J., CONCURS WITH SEPARATE WRITTEN OPINION, JOINED BY LEE, P.J., ISHEE AND ROBERTS, JJ. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY SOUTHWICK, J. BARNES, J., NOT PARTICIPATING.